GEORGE W. JONES *vs.* CITY OF MINNEAPOLIS.

November 17, 1883.

**Suit against City—Necessary Parties Defendant—Pleading.**—Under section 18, chapter 8, charter of Minneapolis, the city, if sued alone, must raise the objection by demurrer or answer. If it raise the objection by answer, it must name the person who should be joined as defendant, and the proof must sustain the plea.

**Same—Verdict—Immaterial Finding.**—A verdict, where there is such a plea, that the defendant did not, and the jury does not know who did, place the obstruction in the street, is immaterial.

Plaintiff brought this action in the district court for Hennepin county, for damages for injuries received from a fall at a street crossing, caused by an obstruction in the street, "consisting of a piece of plank or timber, deeply imbedded in the ground, and extended above the surface of said crossing," which obstruction the defendant had negligently allowed to exist for two months preceding the injury complained of. The defendant, in its answer, alleged (among other defences) that, at the time of the accident, the place where it occurred was occupied, under license from defendant, by one Mackey, with building material, for the erection of a building known as the Mackey block, and that Mackey had placed and embedded in the crossing the obstruction complained of, and that Mackey was a necessary party to the suit, which could not be maintained without joining him as a defendant. At the trial, before *Koon*, J., and a jury, there was a general verdict of $1,000 for plaintiff, and special questions submitted were answered as follows:

*Q.* Did the defendant place the obstruction complained of in the street? *A.* No.

*Q.* Did any other person than the defendant cause the obstruction complained of to be placed in the street? *A.* Yes.

*Q.* Did any person connected with the excavation for, or the erection of, the so-called Mackey block cause the obstruction complained of to be placed in the street. *A.* Do not know.

A new trial was refused, and judgment entered, from which the defendant appeals.

*Judson N. Cross,* for appellant.

*Merrick & Merrick,* for respondent.

GILFILLAN, C. J. The charter of the city of Minneapolis, chapter 8, section 18, (Sp. Laws 1881, p. 465,) provides that no action shall be maintained against the city for damages caused by any person, not authorized by law or the ordinances of the city, placing excavations or obstructions in any street, rendering it unsafe for travel, or by negligence in the management of an authorized excavation or obstruction, or failure to maintain proper guards or lights thereat, rendering the street insufficient or unsafe for travel, unless such person shall be joined as party defendant. At most this gives to the city the right to insist, when it is sued, that the person by whose act or negligence the injury was caused shall be joined with it as a defendant. This it may do by demurrer to the complaint, if the facts giving it the right sufficiently appear from its allegations. If they do not, then it must set forth the facts, and object to the non-joinder by answer. An answer in the nature of a plea in abatement for non-joinder of a necessary party must always name the person who the defendant claims should be joined. And the plea must, of course, be sustained by the proofs, else the defendant gets no advantage from it. Herein this defendant failed. The special verdict did not establish facts showing that the party named by it should have been joined, and there was no issue as to any other person. That finding was immaterial.

Judgment affirmed.