ALLEN W. CLARK *vs.* CITY OF AUSTIN, impleaded, etc.

June 11, 1888.

**Trial of Issues not made by Pleadings.**— Application of the rule that where allegations were, by consent, manifestly litigated at the trial as though they were put in issue by the written pleadings, they will be treated, on appeal to this court, as though thus put in issue.

**Municipal Corporation—Excavation in Street.**—Evidence *held* sufficient to sustain the verdict.

**Same—Notice of Claim by Person Injured.**—*Held,* that where notice of a claim for injuries sustained from defects in a street, etc., has been served on the mayor or recorder, as required by section 18, c. 7, of the charter of the city of Austin, the claim need not be presented to the common council under section 14, c. 11.

**Same—Suit against City and Person causing Defect in Street—Verdict against City alone—New Trial.**— The charter of Austin provides that no action shall be maintained against the city for damages caused by any obstruction or excavation in any street, placed there by any person, or by his negligence in the management thereof, or his failure to maintain guards or lights thereat, unless such person be joined as a defendant; and, in case of judgment against the defendants, execution shall first issue against such person; and, if the city pay the judgment, it shall be the owner of and may enforce it against the other defendant. *Held,* that in such action the verdict may, if the evidence justify it, be against both defendants, or against one and in favor of the other; and also, in case the verdict is against the city, and in favor of the codefendant, the city cannot move for a new trial on the ground that the verdict ought to have been against the codefendant also, unless it make the codefendant a party to the motion.

Plaintiff brought this action in the district court for Mower county, against the city and one Galloway, to recover for personal injuries occasioned by his falling into an excavation, alleged to have been made by Galloway, adjoining a public street in the city, and left unguarded and without lights or other signals to warn travellers on the street. The accident occurred in the evening of May 17, 1887. At the trial, before *Farmer,* J., the jury by their verdict found in favor

of Galloway, but awarded $550 damages against the city, which appeals from an order refusing a new trial.

Lafayette French, for appellant.

S. D. Catherwood, D. B. Johnson, Jr., and J. M. Burlingame, for respondent.

GILFILLAN, C. J. The theory of this action is that the defendant Galloway unlawfully made an excavation in one of the public streets of the city, and that the city, in respect thereof, neglected its duty to keep the street in good repair and safe condition for persons passing upon it. The complaint can hardly be said to present this case as to the defendant Galloway; but the case was manifestly tried without regard to any defects in the complaint to charge Galloway. So, also, if there was any defect in the reply in respect to putting in issue the new matter in the answer of the city, charging that plaintiff's own negligence contributed to bring about the injury complained of, the case was fully tried as it would have been had the reply been sufficient in that respect. The sufficiency of the pleadings, therefore, will not be considered. The evidence was such as to justify the finding of the jury as against the city, both in respect to its negligence, and the alleged contributory negligence of the plaintiff.

We have, then, to consider only the question of law presented. The charter of the city of Austin (Sp. Laws 1887, c. 24,) provides, in section 14, chapter 11: "All accounts, claims, or demands of every kind whatsoever, against the city of Austin, shall first be presented to the common council of said city for their consideration and disposal, as to them shall appear just and lawful, before any suit or action at law, based upon such account, claim, or demand, shall be commenced or prosecuted against said city." Plaintiff's claim for damages was not so presented, and this is claimed as a reason why he cannot maintain the action. Standing alone, this would seem to refer to accounts, claims, or demands arising upon contract, express or implied, and not to causes of action arising upon torts. But whatever doubt there might be as to this applying to a claim for damages arising from neglect of the city of its duty to keep streets, etc., in repair, is set at rest by section 18, chapter 7, of the charter, which provides that no action shall be maintained against the city "on account

of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless notice shall first have been given in writing to the mayor of the city, or the city recorder, within 90 days of the occurrence of such injury or damage, stating the place where, and the time when, such injury was received, and that the person so injured will claim damages of the city for such injury. Such notice shall also state the amount of damages claimed, and the cause of such injury." This specific provision in the case of particular claims not clearly coming within the intent of section 14, chapter 11, operates to make for such claims a rule differing from that laid down in said section 14. It can hardly be presumed that it was intended that the claims specified in section 18, chapter 7, should be presented twice : once in the notice to the mayor or recorder, and again to the common council. The notice prescribed by section 18, chapter 7, having been given, it was enough.

The instruction, (plaintiff's fifth request,) standing alone, would be error, because the jury might understand from it that they were to disregard any evidence of plaintiff's negligence except that presented by defendant. But, taken in connection with the other instructions, it could not have been so understood by the jury; for the court repeatedly instructed them that plaintiff could not recover unless it appeared that he was not at fault. The whole charge, taken together, would seem to put on plaintiff the *onus* of showing absence of contributory negligence, and the defendant cannot complain of this.

The defendant complains of the following instruction given by the court: "When two or more persons are sued as joint defendants under our statute, and on the trial the plaintiff fails to prove a cause of action against both defendants, but proves a cause of action against one defendant, judgment may be rendered against him against whom the cause of action is proved." The instruction was also substantially given in the general charge. The charter of the city (*c.* 7, § 16,) contains a provision that no action shall be maintained against the city for damages caused by any obstruction or excavation in any street, placed there by any person without authority, or by negligence of such person in the management of any such excavation or obstruction, or his failure to maintain guards or lights thereat, unless such

person shall be joined as party defendant; and, in case of judgment against the defendants, execution shall at first issue only against the defendant causing such insufficiency; and, in case the city shall pay the judgment, it shall be the owner of and may enforce the same against the other defendant. The failure to make such other person a codefendant would create a defect of parties defendant, to be taken advantage of as in other cases of such defect. As an abstract proposition of law, the instruction was correct, even under the provision of the charter referred to; for, under a complaint charging the individual defendant with having caused the obstruction, and the city with having permitted it to remain, rendering the street dangerous, there can be no doubt that, if the evidence justified it, the jury might find the individual defendant liable for having caused the obstruction endangering the street, although the evidence was insufficient to charge the city with negligence in permitting it, or to find the city liable for negligence in permitting the obstruction to endanger the street, although the evidence might fall short of proving that the other defendant created or caused it. There is nothing in the provision which indicates that the plaintiff must recover against both, or recover against neither. If it did so require, the position of a plaintiff in such a case would be a hard one; for, if the city insisted that a person supposed to be also liable for the nuisance should be joined as codefendant, the joining him could hardly be called the voluntary act of the plaintiff. As the provision of the charter last referred to is for the protection of the city, and to give it, in the same action in which its liability is enforced, recourse, for its indemnity, against the person who caused or created the excavation, or neglected the duty to prevent it making the street unsafe, it may be assumed that the city has a right to insist that the liability of its codefendant shall be fairly tried,—a right, probably, to introduce evidence to establish his liability, and, if the evidence require it, to insist that he shall be included in the verdict if any be rendered against it, and to move for a retrial of the whole case if the verdict wrongly discharges him. But, before it can so insist, the evidence must be such as to require the jury to find him liable, or such that the city cannot be liable unless he is.

The defendant has not taken the proper course to procure a new trial on the ground that, upon the case as presented by the evidence, the verdict, if against it, ought to have been against Galloway also. As appears by the record, Galloway was not made a party to the motion for a new trial. The notice was not directed to nor served on him. Of course, a new trial as to him could not be ordered without giving him a chance to be heard. He has a right to defend the verdict in his favor. On the motion as made, a new trial could be ordered only as between the plaintiff and the city, leaving the verdict in favor of Galloway to stand, and him practically out of the case. The motion concedes the verdict as to him to be correct; for it does not assail it. The only propositions which can be urged for a new trial as between plaintiff and the city, leaving Galloway out, are that, whether he is liable or not, the city is not liable, or that errors were committed on the trial affecting the liability of the city, independent of any supposed liability of Galloway. If a new trial were ordered as between plaintiff and the city, leaving Galloway discharged by this verdict, the only contest would be as to the liability of the city, disconnected from its right of recourse to or the liability of Galloway. It loses that right of recourse by acquiescing in the verdict in his favor. As we have seen, there was no error affecting the liability of the appellant itself.

Order affirmed.