MINNEAPOLIS MILL COMPANY *vs.* SAMUEL H. WHEELER and others.

September 25, 1883.

**Thoroughfare Open to the Public—Duty of Owner to Keep in Repair.**
 The plaintiff corporation had excavated a canal through its lands for the use of its water-power, which had been bridged over in part by plaintiff and in part by others, with its license, and the bridge or platform so made was thereupon opened, used, and held out to the public as a continuous thoroughfare for all persons having business to and from the mills abutting thereon. *Held,* under the circumstances, that, as to persons rightfully upon any portion of such bridge or platform, plaintiff was liable for damages caused by its failure to exercise reasonable diligence to keep the bridge in repair, or closed against travel.

**Same—Liability for Failure to Keep in Repair—Negligence of Third Person.**—The owner of premises, having the possession and control thereof, may be liable for an injury caused by their unsafe and dangerous condition, though resulting from the act or negligence of a third person.

**Same—Liability of such Third Person—Indemnity to Owner.**—The person through whose conduct or negligence the owner is thus exposed to

liability, is also liable to an action by the injured party at his election. And in such case, also, the parties not being *in pari delicto*, the owner who has been obliged to pay such damages is entitled to indemnity from the person to whose act or negligence the injury is directly chargeable.

**Same—Payment by Owner without Suit—Recovery against Third Person.**—He may also, in the first instance, upon the demand of the injured party, adjust and pay the actual damages without action, and thereupon recover the same of the person who is responsible to him.

Appeals by defendants from an order of the district court for Hennepin county, refusing a new trial after a trial before *Lochren*, J., and a jury.

*Koon & Keith*, for appellants, cited, among other cases, *Nash* v. *Minneapolis Mill Co.*, 24 Minn. 501.

*Levi & Cray*, for respondent.

VANDERBURGH, J.   The plaintiff had constructed and was operating a canal for the use of its water-power through its land on the west bank of the Mississippi river, in the city of Minneapolis, extending for a considerable distance below its dam in the river.   The defendants were the owners of a mill and site upon the canal, under a grant derived from the plaintiff, which included "a right of way across the canal in front of and adjacent to said premises, and to erect and maintain a bridge across said canal."   Over the canal, in front of the mill, the grantors of defendants had erected a bridge or platform for convenient access thereto, and the same passed to the defendants as appurtenant to the mill, on the conveyance thereof to them, and they were maintaining the same at the time of the injury complained of in this case.   The canal was in like manner occupied by other mills below the defendants', and similar platforms or bridges were built above and below that of the defendants, so as to constitute one continuous platform, bordering on a public street, and open for travel as one thoroughfare along and in front of the several mills.   A portion of such platform was built and maintained by the plaintiff and a portion thereof by mill-owners, and the same was necessary for the transaction of business by them, and important also for the successful and profitable use and enjoyment of its property by the plaintiff.   By the terms of the grant under which defendants claim, plaintiff and the

owners of other mills on the canal enjoyed a right of way over the bridge in question in common with defendants.

On the fourth day of November, 1881, one Vinton, who was engaged in hauling stone and material for the repair of defendants' mill, went upon the bridge in question, in front of the mill, with his team and loaded wagon, when the same gave way, in consequence of its weak and decayed condition, precipitating his horses and wagon into the canal, whereby he was damaged in the amount claimed, as is admitted, and without fault on his part. The plaintiff settled and paid Vinton such damages without suit, and now brings this action against defendants for indemnity.

The evidence tends to show that the bridge was suffered to remain in disrepair through negligence, and we cannot doubt that, as between plaintiff and defendants, the duty to repair the same devolved upon the latter. Whether plaintiff was also liable is a question, perhaps, not entirely free from difficulty, but such liability was assumed in argument by both parties. It is predicated upon the fact of plaintiff's ownership and control of the canal on its own land, which it had caused or permitted to be covered and converted into a highway or thoroughfare open for travel, and hence a place of danger unless securely bridged or protected. Plaintiff had granted the right of way enjoyed by defendants, and, in order to render it available, the right to bridge the canal. Further than this, plaintiff's ownership, possession, and control of the premises remained, together with the obligations incident thereto. We think the trial court was right, therefore, in holding that the situation of these premises, as respects public travel, and the relation of the plaintiff thereto, were such that it would properly be regarded as culpably negligent if it failed to take reasonable precautions to prevent accident under the circumstances. *Nash* v. *Minn. Mill Co.*, 24 Minn. 501; *Carleton* v. *Franconia Iron & S. Co.*, 99 Mass. 216; *Gibbs* v. *Trustees*, 3 Hurl. & N. 164, 176.

2. The defendants were also liable because of their agency in maintaining the bridge, and their negligence in not closing or repairing it. As long as they kept it open, they were bound to keep it in repair. And, as respects both the plaintiff and the defendants, the rule to be applied in this case is that "if one directly or by implication induces

persons to enter upon, or pass over, his premises, he thereby assumes an obligation that they are in a safe condition." *Sweeny* v. *Old Colony & N. R. Co.*, 10 Allen, 368, 374; *Corby* v. *Hill*, 4 C. B. (N. S.) 556.

It will be observed that the case against these defendants is distinguishable from that against Morrison in *Nash* v. *Minn. Mill Co.*, *supra*. The decision in that case proceeded upon the ground that Morrison neither owned nor occupied the bridge or platform when the accident occurred.

3. The question next arises, whether the plaintiff is entitled to recover of defendants the amount paid Vinton in settlement of his claim. As between these parties, it was incumbent on the defendants to repair the bridge. The plaintiff has been subjected to a liability growing out of a breach of duty by them. The parties cannot, therefore, be said to be *in pari delicto*. Plaintiff was exposed to liability because of defendants' negligence, and negligence was imputable to the company, as an inference of law, in consequence of defendants' breach of duty, through which the canal on its premises had become unsafe and dangerous to persons passing over it. Plaintiff's liability springs from such unsafe condition of its premises, and it may seek indemnity from the parties directly chargeable with the duty to keep the bridge in repair. *Gray* v. *Boston Gas-light Co.*, 114 Mass. 149, 154; *Churchill* v. *Holt*, 127 Mass. 165; Cooley on Torts, 147.

4. The plaintiff was not bound to await the result of a suit against it, in order to be entitled to indemnity from defendants, but might adjust and pay the claim without action, as it has done. The evidence shows that the settlement was made by the company upon just terms, and in the belief that it was liable, but it does not appear to have acted officiously, or as a mere volunteer. Had a suit been actually brought by Vinton against the company, and defendants duly notified to come in and defend, they would have been concluded by the judgment, both as to the question of liability and the amount of the recovery, including the costs. *Westfield* v. *Mayo*, 122 Mass. 100, 109. But when, as in this case, settlement is made without suit, the question, both as to liability and damages, remains open. In such case the plaintiff could not recover more than the actual amount of damages, even though he had paid more in settlement, and would recover

less if he settled for less. *Inhab. of Swansey* v. *Chase*, 16 Gray, 303.. In this case there is no question as to the amount.

5. The defendants' counsel also insist that the evidence discloses contributory negligence on the part of the plaintiff, in that their agent, who was charged with the duty of looking after and inspecting the condition of the entire platform, knew of its weak and decayed condition prior to the accident, but failed to warn defendants or take any action in the premises. But the plaintiff owed no such duty to the defendants, who, as between them and plaintiff, were alone bound to repair; and though liable to the public and third persons rightfully upon the bridge by reason of its relation to the premises, it was under no obligations to shield the defendants from the consequences of their own negligence. Had the suit been brought by Vinton againt them. in the first instance, they could not have successfully defended. They ought not to be in a more favorable condition merely because he preferred his claim against a party between whom and them it is clear defendants alone should be held responsible. *Inhab. of Swansey* v.. *Chase*, 16 Gray, 303, 309.

Order affirmed.