## RIGHT OF CONTRIBUTION ON CLAIM FOR CONCURRENT NEGLIGENCE.

[Circuit Court of Summit County.]

THE NORTHERN OHIO RAILWAY COMPANY v. THE AKRON CANAL & HYDRAULIC COMPANY.

Decided, April, 1905.

*Negligence—Joint, Concurrent and Contributing—Right of a Wrong-doer as to a Third Party—To Indemnity from the Real Wrong-doers—Charge of Court—Breaking of a Mill-Race and Damages from the Overflow.*

1. Under the testimony of this case, it was not error to refuse a request for a charge to the jury to the effect that, if they found the defendant was guilty of negligence, but that the plaintiff under all the facts and circumstances of the case, which were known or should have been known to him, did not exercise reasonable and ordinary care to prevent the breaking of the bank of his mill-race and overflow of adjacent property, then negligence on his part contributed proximately to the injury, and he can not recover from the defendant the damages in which he has been compelled to respond on account of their joint negligence.

2. So, also, it was not error to refuse a request to charge the jury to the effect that, if the plaintiff knew of acts on the part of the defendant which affected the safety of the mill-race, and himself took no steps to avoid the injury which resulted, he was guilty of such contributory negligence as will prevent his recovering from the defendant the damages assessed against him in another action.

3. And the defendant could ask for no stronger instruction than was given to the effect that, if the breaking of the plaintiff's mill-race bank was caused by the joint or concurrent negligence of the plaintiff in not caring for the water and regulating its flow in the race and of the defendant in constructing a cofferdam therein, which improperly impeded and obstructed the flow of the water, then the verdict should be for the defendant.

4. The rule that where two or more contribute by their wrong-doing to the injury of another, such injured person may recover from all of them in a joint action, or he may pursue one of them and recover from him, in which case the one thus compelled to respond is entitled to neither indemnity nor contribution from those who with him caused the injury, does not apply where the wrong-doer who was compelled to respond for the injury was not, as between

the wrong-doers themselves, a wrong-doer at all; and recovery by the injured party from such a party is not a bar to an action by him against the other parties to the wrong.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the Court of Common Pleas of Summit County, Ohio.

The Northern Ohio Railway Company is the successor of the Akron & Pittsburg Railway Company and in this opinion will be spoken of as the original party in certain proceedings and contracts made in the name of the latter company.

The plaintiff here was the defendant below and the defendant here was plaintiff below. In this opinion the parties will be designated as in the original action.

The plaintiff is the owner of a mill-race which conducts water in large quantities from a point east of the city of Akron to a place in said city where it is utilized as power for certain mills and manufactories.

The defendant is a railroad company operating a line of railroad from the western part of Ohio easterly to and through the city of Akron; said mill-race, for a part of its distance in said city, is some forty or fifty feet higher than the tracks of the Cleveland Terminal & Valley Railroad, which, at this place, are practically parallel with said race, and on the north side thereof.

On the night of September 17th, 1898, the waters in said race rose to such a height as to overflow its northern bank and wash a considerable part of the same away, the waters rushing down with great force and volume upon the tracks of the Cleveland Terminal & Valley Railroad Company, oversetting some cars standing upon said tracks, undermining said tracks, and so doing great injury to the property of said last named company.

To recover for this injury said last named company brought suit against said plaintiff and obtained judgment against it in the sum of $3,870, which said judgment the said plaintiff has paid in full. The present suit was brought to recover against the defendant such judgment, together with the expense of repairing the race.

The grounds of recovery set out in the second amended petition, upon which the case was tried, are, that the defendant, in the year 1896, by proceedings duly had in the Probate Court of said Summit County, appropriated from plaintiff a right of way for its railroad along and crossing over said hydraulic race. or canal, at or near Summit street in said city of Akron; that by the term of said appropriation the bridge to be built for the said railroad was to pass over said canal or race at that point, and was to be constructed so as not to impede the free flow of water through said canal or race, nor diminish or impair in any manner the usefulness of said canal or race; that afterwards said defendant, in the corporate name of said the Akron and Pittsburg Railroad Company, but for the sole benefit of said defendant, acquired by purchase from said plaintiff, as evidenced by deed dated May 4, 1898, the right to construct stone walls or abutments, instead of timber piling to support the structures for the support of the railroad over said canal or race at the crossing so as aforesaid appropriated, and it was provided and stipulated in said deed that all of the said work of building said stone walls and structure was to be done and maintained as not to impede in any way the free flow of water through said canal or race and not to diminish or impair in any manner the usefulness of said race; that in and about the months of August and September, 1898, the exact date being unknown to plaintiff, said defendant, the Northern Ohio Railway Company, secretly and without the knowledge of plaintiff entered into a contract with said the Akron and Pittsburg Railroad Company, whereby it, the defendant, engaged to construct, as an independent contractor, said stone walls, and thereafter did construct the same, all of which construction was for the sole benefit of said defendant, but under the cloak and guise of the corporate authority of said the Akron and Pittsburg Railroad Company said defendant attempted to hide and conceal its connection therewith.

Plaintiff further avers that notwithstanding such attempted concealment said defendant, the Northern Ohio Railroad Company, had and exercised the sole and exclusive charge and con-

trol of such construction and of the mode and manner of doing the same, and the said stone walls were in fact constructed by it for its sole benefit and at its ultimate expense.

Plaintiff further avers that on or about the 15th day of August, 1899, said the Akron and Pittsburg Railroad Company conveyed to said defendant, the Northern Ohio Railway Company, by proper instrument of transfer, all the right, title and interest it, the Akron and Pittsburg Railroad Company, had acquired to construct, operate and maintain said railroad to cross over said canal or race in the manner hereinbefore stated, and said defendant, the Northern Ohio Railway Company, then and there agreed with the Akron and Pittsburg Railroad Company that by its acceptance of the transfer of said rights, title and interest of said the Akron and Pittsburg Railroad Company to pass over said canal or race as aforesaid, it had, and then and there did assume and undertake the payment of any and all obligations of any kind whatsoever which were then or thereafter might become due and payable by said the Akron and Pittsburg Railroad Company, respecting the passing and crossing over said canal or race as aforesaid, which said assumption and undertaking was entered into for the benefit of the plaintiff herein.

The construction of said stone walls along the sides of said canal or race, was carried on solely by said defendant, and its officers, agents and employes, during all the time of their construction; and the defendant then well knew that said canal or race was located along and upon the hillside so that if the water was permitted to overflow the banks of said canal or race, it would flow down upon, and cause damage to property located lower down the hillside.

Shortly prior to September 17th, 1898, while said defendant was engaged in the construction of said stone wall, it carelessly, negligently and knowingly so caused and permitted the channel of said canal or race to be narrowed, restricted and partially filled with obstructions at a point near Summit street in said city where said street crossd the said canal, so as to cause the water in said canal or race to set back and to rise to such a height as to overflow and carry away the bank of said canal or race.

The answer to this petition admits that defendant acquired from plaintiff, by appropriation and deed, the rights as set out in such petition.; admits the overflow of the water and the injury to the property of the Valley Railway Company, but denies that such overflow was caused by it, and avers that the same was either an inevitable accident, or that it was caused by the negligence of the plaintiff.

The result of the trial was a verdict and judgment for the plaintiff. A motion for a new trial was filed and overruled, proper exceptions taken to this and to other proceedings in the trial, which will hereafter be noted. The case is here upon proper proceedings in error seeking a reversal of the judgment. A bill of exceptions was filed here setting out the proceedings of the court below with all the evidence offered at the trial.

When this case was before in this court, construction was given to the deed, made by the plaintiff to the defendant, and it was held that the provisions therein relating to the construction of the abutments and structure, and reading, "All of the work to be constructed and maintained so as not to impede the free flow of water through said race and not to diminish or impair in any manner the usefulness of the same", refer to the completed structure, and not to the manner of the work while the same was in progress. So that if the defendant is liable for any obstruction which it placed in the race, during the progress of the work, it is not because of this contract, but because it failed to exercise reasonable care in doing its work so as not to unnecessarily injure the rights of the plaintiff.

The evidence shows that in the progress of building the abutments for the bridge the defendant constructed cofferdams to keep back the water from the work and the workmen, and that shortly before the overflow of the water already mentioned it had so constructed a cofferdam as to narrow the channel down to a very few feet, thereby causing the flow to be so retarded as to greatly increase the depth of the water in that part of the race where the overflow occurred and the wall gave way. In short, it is not and can not be denied that the evidence so strongly tend-

ed to show negligence on the part of the defendant, that the jury might well find, as it did, that the defendant was guilty of negligence in the premises.

It is said, however, on the part of the plaintiff in error, that the evidence clearly shows negligence on the part of the plaintiff approximately contributing to the accident, and that therefore the plaintiff is precluded from a recovery.

The evidence shows that the attention of Mr. Cleveland, the superintendent of the plaintiff, was called to the increase of the depth of the water some forty hours or more before the bank gave way and tends to show that by raising a certain water gate at the eastern end of this race, he might have provided for the escape of the water so as to relieve the pressure; it also tends to show that he called the attention of the man in charge of the stone work to the backing up of the water and the increase in its depth, and was assured that he would take care of that. It tends also to show that this could easily have been done by him, and that he failed to do it.

Whether there was negligence on the part of the plaintiff was a question for the jury and was, we think, fairly submitted to it.

Complaint is made, however, that the court erred in refusing to charge the jury as requested by the defendant. The defendant made eight requests, only one of which was given, to-wit, the third. The first request made is:

"If you find from the evidence that the defendant was guilty of the neglect charged in the second amended petition, and if you also find that the plaintiff under all the facts and circumstances of the case which were known to it, or should have been known to it, did not exercise reasonable and ordinary care in its management of the race, and in regulating the flow of water therein; and that such negligence of the plaintiff contributed proximately to the breaking of the race on the night of September 17th, 1898, then I say to you that under such circumstances the plaintiff can not recover in this action.

This was refused. It is insisted that it properly states the law applicable to the case. It may be said in response to that, as has already been said, the evidence tended to show that when the attention of the man in charge of the construction of the

stone abutments was called to the backing up of the water, the increased depth, and the danger that thereby might be occasioned to the north wall of the race, replied that he would take care of it.   Now, if that were true—if the jury believe that the man in charge of the work had answered, when his attention was called to it, that he would take care of it, and if the jury further believed that he could have taken care of it with the exercise of reasonable care—then this request should not have been given, for the jury would be led to think that the fact that the man in charge of the construction of the stone work had promised that he would take care of it could in nowise relieve the plaintiff. We think that the court properly refused this, and that the charge as given on pages 504, 505 and 506 of this record properly instructed the jury as to the law by which the plaintiff would be precluded from a recovery.                    ·

The second request reads:                            ·

"If you find from the evidence that the defendant constructed a cofferdam in the race, and that such cofferdam restricted the ordinary flow of the water and backed it up in the race to such an extent as to cause it to break away the bank as complained of; and if you find that for a day or more before such break occurred, that the plaintiff knew of such cofferdam and such backing of the water, and could have prevented the breaking of the bank by the exercise of ordinary care, and did not do so, then the plaintiff would be guilty of such contributory negligence as would prevent a recovery."

What has already been said in reference to the first request is applicable to this, and more strongly applicable.        ·

The third request was given, and in connection with what the court said, to which attention has already been called, and which will be read later, we think the jury were properly instructed, certainly instructed as strongly for the defendannt as the defendant was entitled to.                        ·

The court said (defendant's request No. 3):

"If you find from the evidence on this trial that the breaking of plaintiff's mill-race bank, as charged in the petition, was caused by the joint or concurrent negligence of the plaintiff in not properly caring for the water and regulating the flow of

the same in the race; and also find the negligent construction of its cofferdam in said race, by the defendant, by which the flow of water was improperly impeded and obstructed, then I say to you that neither party would have any right of action against the other for contribution for damages by reason of such break of the race bank, and in such case your verdict should be for the defendant.''

What has been said as to the other requests which were refused applies with more or less force to each of the several requests, and we find no error in the refusal of any of the requests when we find what the court did give to the jury; for these requests were not made to charge before argument, and, therefore, the court was not bound to give them in the words in which they were requested, even if they properly stated the law, provided the court properly stated the law in its charge to the jury.

The court, after speaking of the negligence which the plaintiff charged against the defendant, called the attention of the jury to the fact that the defendant charged negligence against the plaintiff, and said:

''It is also set forth in the answer that on the night in question there was a storm of rain of more than ordinary violence perhaps and that that rainfall suddenly increased the flow of water, and that that rainfall, in connection with the flow of water through the gate at Middlebury, caused such an accumulation of water in the race so suddenly, that it broke over this bank and washed it away and caused the trouble.

''Now, this is the specification of negligence which the defendant makes against the plaintiff; and the rule of law on the subject is that where contributory negligence is shown by a preponderance of the evidence on the part of the plaintiff that the plaintiff can not recover. The plaintiff can not recover any compensation for any damages which it might have avoided by the use of ordinary care and prudence under the circumstances. It is a general rule of law that where both parties, plaintiff and defendant, are in fault and both guilty of negligence or a want of reasonable and ordinary care, neither can recover damages from the other for the consequences of such joint negligence.

''And in this case I say to you, that if you find from the evidence, and a preponderance of it on the part of the defendant,

that the plaintiff itself was so guilty of negligence in the premises, or a want of reasonable and ordinary care, as I have defined that term to you, then it can not recover if such negligence on its part proximately contributed to the injury which arose.''

It is urged on the part of the defendant, however (and I am using ''defendant'' as in the original action), that the fact shown in the petition, of the recovery by the Valley Railway Company against the plaintiff, establishes the negligence of the plaintiff, because there could have been no recovery against it, except on the ground of its negligence, and that this being so, it necessarily follows that it can not recover of defendant, even though it be proved to have been negligent, the rule being that when two or more contribute by their wrong-doing to the injury of another, such injured party may recover from all of them in a joint action, or he may pursue any one of them and recover from him, in which case he is neither entitled to indemnity or contribution from those who with him caused the injury.

There are, however, exceptions to this rule. Numerous cases are reported in which the courts of last resort have held that one mulcted in damages of some neglect of duty on his part, may recover of another who directly caused the injury. The most common of these is where a municipality is required by law to keep its streets and public ways free from nuisance, and in proper condition for use by the public, and has been obliged to respond in damages at the suit of one injured by the defective condition of walks in front of the premises of the person whose duty it was primarily to keep such walk in proper repair.

In Shearman & Redfield on the Law of Negligence (4th Ed.), at Section 301, this language is used:

''In conclusion, under this head, it should be added, that although a municipal corporation may be, either at common law or under the statutes, primarily liable for injuries occasioned by the unsafe condition of its highways, the ultimate liability may rest upon a third person who is the real author of such condition, and who, jointly with the corporation, may be liable for the damages suffered therefrom. If the injured person elects to proceed against the corporation solely, and recovers damages, the latter has an action over against the original wrong-doer.''

In Cooley on Torts (2d Ed.), side page 145, this language is used:

"But there are some exceptions to the general rule (after having stated the rule, that where two or more wrong-doers are liable because of some injury that is caused from the neglect of duty of such wrong-doers, there can be no recovery of one against the other), which rests upon reasons at least as forcible as those which support the rule itself. They are of cases where although the law holds all the parties liable as wrong-doers to the injured party, yet as between themselves some of them may not be wrong-doers at all, and their equity to require the others to respond for all the damages may be complete. There are many such cases where the wrongs are unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others."

But these cases are not confined to suits brought by municipalities.

Attention is called to the case of *Gray* v. *Boston Light Company,* 114 Mass., 149. The syllabus reads:

"The owner of a building to the chimney of which a gas company has, without the owner's consent, so affixed a wire as to render the chimney unsafe, and ultimately to cause its fall upon a passer-by, may be liable for the damage so caused; and if, when so liable, he pays the damage, he has an action against the company for indemnity."

The facts in that case show that the owner of a building on which was not a good chimney, but a defective chimney, that the light company placed a wire around that chimney without the consent of the owner; there was a storm, the chimney fell down and injured a person on the walk; the party injured brought suit against the owner of the building and recovered, and the owner of the building was permitted to recover against the company which put the wire around the chimney.

There is a cases in Minnesota, reported in the 16 N. W. Rep., 698, *Minneapolis Mill Company* v. *Wheeler et al.* The syllabus reads as follows:

"The plaintiff corporation had excavated a canal through its lands for the use of its water power, which had been bridged

over in part by plaintiff and in part by others, with its license, and the bridge or platform so made was thereupon operated, used, and held out to the public as a continuous thoroughfare for all persons having business to and from the mills abutting thereon.   *Held*: Under the circumstances, that as to persons rightfully upon any portion of such bridge or platform, plaintiff (that is, the mill company) was liable for damages caused by its failure to exercise reasonable diligence to keep the bridge in repair, or closed against travel.

"The owner of premises, having the possession and control thereof, may be liable for an injury caused by their unsafe and dangerous condition, though resulting from the act or negligence of a third person.

"The person through whose conduct or negligence the owner in thus exposed to liability, is also liable to an action by the injured party at his election.   And in such case, also, the parties not being *in pari delicto,* the owner who has been obliged to pay such damages is entitled to indemnity from the person to whose act or negligence the injury is directly chargeable."

To this same effect is the case in 66 Pa., 218, *Armstrong County* v. *Clarion County.*

The cases where municipalities have been permitted to recover against the property owners, and the case to which attention has been called in 114 Mass., seem to rest upon the proposition that the fact of a defect, in cases of municipalities, in the walk being shown and the resulting injury, nothing further need be shown as to negligence to entitle the injured party to a recovery.   In the present case the same rule and the same reasoning seem to apply.

In the case of *The Defiance Water Co.* v. *Olinger* (54 O. S., 532), the first clause of the syllabus reads:

"One who collects on his own premises a substance liable to escape, and if it should escape, likely to cause mischief, must at least use reasonable care to restrain it. If for want of such care it escapes and injures persons or property rightfully on adjoining premises, he is answerable for the damages sustained on account thereof."

And in the opinion, pages 538 and 539, Judge Bradbury uses this language:

"In England it seems to have been settled by *Fletcher* v. *Rylands*, 1 Law Rep. Excheq., that the duty rests upon one who collects and stores upon his premises inanimate substances or animate things from the escape of which injury is likely to follow, to prevent such escape. While this duty may not extend to trespassers, or those who, for their own purposes, without express or implied invitation from the proprietor, choose to come upon the premises, yet that case (*Fletcher* v. *Rylands, supra*)· should be regarded as extending this duty to all persons who may be rightfully on adjoining premises. ''

Then quoting from Judge Blackburn, in which a similar view is held. And I call attention to the case of *Bradford Glycerine Company* v. *The St. Mary's Woolen Manufacturing Co.*, 60 O. S., 500; and the case of *Langabaugh et al* v. *Anderson*, 68 O. S., 131, where quotation is made from the same opinion in the English report and the quotation is with approval in each of the cases.

From this it seems to follow that a recovery could have been had by the Valley Railroad Company against the hydraulic company by showing that the hydraulic company had upon its property this water, which was liable to overflow, and did overflow, to the injury of the railway company, without showing any other negligence on the part of the hydraulic company. If that be so, the same reason that would allow the municipality to recover from one who allows a defect in the sidewalk in front of his premises, would apply in this case.

But it is said that in Ohio the doctrine is not as in some of the other states on this right of the municipality to recover from one who permits the existence of a defect in the sidewalk in front of his premises, and attention was called in the argument to the case of *Morris* v. *Woodburn*, 57 O. S., beginning at page 330. On pages 334 and 335, Judge Shauck, in announcing the opinion, that this was a suit brought by a party injured against the uses this language—and, perhaps, I should say, before reading, owner of a lot abutting on the street of a municipality for an injury sustained by the plaintiff caused from a defective sidewalk, or rather the construction of a vault under the sidewalk, over which the property owner negligently placed and maintained a defective grating. The suit was brought directly against the

property owner, and what is said by Judge Shauck, which is about to be read, it must be conceded was not necessary to have been said in order to decide the case. It was outside of the case, but it expressed the opinion of the judge who prepared the opinion, at least:

"But while the tort of the city consisted in failure to discharge a duty imposed by statute (it should be said that the property owner was insisting that the suit should be brought against the city) that alleged in the amended petition against Mrs. Morris, consisted in the creation of a nuisance, dangerous to those using the walk. These are concurrent and related torts, but they are not joint. In view of their independent character, the plaintiff might, at her election, maintain her action against either the city for its omission of duty, or against Mrs. Morris for the creation of a nuisance which occasioned her injury."

So far it is entirely applicable to the case. What follows, as has already been said, need not have been said in order to decide this case:

"And it appears from reason and authority that the primary liability in such case is upon him who actively creates the nuisance; so that if a recovery were had against the city, it might in turn recover from the perpetrator of the wrong."

If that were contained in the syllabus, or if that was said necessarily to decide the case that was before the court, and had not be interfered with by any announcement of the court since, it would clearly be a rule which should govern us if it is applicable to the case before us. It is not as strong as that, because, as has already been said, it was not involved in the case. But that opinion was announced on the 14th day of December, 1897. Two months and a half thereafter the same judge announced an opinion in the case of *Wilhelm* v. *The City of Defiance* (58 O. S., 56). Unless there is something in this case that shows that the mind of the judge had changed since December 14th, 1897, we must not assume that such change had taken place. This is a case where one Wilhelm had constructed a sidewalk in the city of Defiance, the construction of which was defective. It was not a case where a sidewalk having once been constructed was thereafter made unsafe by an excavation or

anything of that sort, or had become by long use defective, but where the original construction was defective. A party was injured, brought suit against the city of Defiance and recovered, and then the city brought its suit against Wilhelm, and it must be conceded that the syllabus as announced here would seem to be in conflict with the opinion in the case in the 57 O. S., which has just been read from. The syllabus reads:

"A municipal corporation having in the proper mode provided for the construction of a sidewalk and notified the owner of abutting land, may require of him the construction of a sufficient walk in front of his premises, and, upon his default, may itself construct such walk and assess the cost thereof upon his land; but it can not recover from him indemnity on account of a judgment recovered against it for injuries occasioned by such owner's negligent construction of the walk."

The facts are not given in great detail, but the closing paragraph of the opinion seems to distinguish the case from the case already referred to in the 57 O. S. "The policy of the statute, as indicated by its provisions according to the doctrine of the cases cited and the numerous cases which they review, seems to require the conclusion that when a municipality accepts a sidewalk constructed by the owner of abutting property pursuant to its notice, as a compliance therewith, all liability for mere negligence in construction and maintenance must rest and remain upon it."

Where the city accepts the sidewalk, that is a compliance, then it and not the property owner is liable to the party injured; or, in any event, when the city is liable, and is obliged to pay, it may not recover of the property owner. From these two cases, the opinions being announced by the same judge, and at so near a time together, it is hardly to be presumed that the court meant to go further in this case than to say that where the original construction is defective and the city accepts that construction, it must be bound by it.

Mr. Henry Newbegin, a leading lawyer in northwestern Ohio, was the attorney for the plaintiff in error in this case, and he recognized the rule as announced in the 57 O. S. Reports, to

which attention has been called, although he did not cite that case, but in his brief he says:

"If Wilhelm had done any act which rendered the use of the street hazardous to passers thereon, such as making an excavation under the sidewalk without proper supports, or by leaving unsafe hatchways thereon, or leaving upon a coal hole, or actually placing an obstruction in the street so that he would have been liable to the person injured, in an action directly against himself, and the city had been obliged to respond in a judgment against it, on account of the injury to the passer-by, then it probably could have recovered in this action against Wilhelm, as it would have been subrogated to the rights of the person injured."

The announcement of the opinion in this case does not seem to conflict with that argument by counsel for plaintiff in error, and we conclude that to be the law in Ohio, and that being the law as to municipalities, the reasoning seems to apply to this case, and we affirm the judgment of the court below.

It should be said that this conclusion has not been reached without very careful consideration and with some hesitation. We are not absolutely confident that we are right, but the weight of authority, we think, is in support of the opinion announced.

*Tibbals & Frank,* for plaintiff in error.

*Stuart & Stuart* and *Allen, Waters & Andress,* for defendant in error.