DULUTH, MISSABE & NORTHERN RAILWAY COMPANY v.
J. A. McCARTHY.[1]

May 22, 1931.

No. 28,415.

[1]Reported in 236 N. W. 766.

*Naughtin & Henley* and *Jenswold, Jenswold & Dahle,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan* and *Dennis F. Donovan,* for respondent.

STONE, J.

After verdict for plaintiff and an order denying a new trial, defendant appeals from the judgment.

July 14, 1928, while one Hampton was his guest and passenger, defendant, driving his automobile, met one of plaintiff's freight trains on a crossing in the village of Hibbing. Details are unimportant, because for defendant it is frankly conceded that he was negligent. Negligence is admitted by plaintiff also. Its train was traveling at a speed of 12 miles an hour or more, whereas anything over ten miles was prohibited by an ordinance of the village.

Hampton, a mechanic, in good health and with earning power unimpaired, was painfully and permanently injured. He promptly sued the parties to this action for the resulting damage. That case was settled by the present plaintiff for $6,500, which it paid to Hampton in full discharge of his right of action. Defendant as well as plaintiff was thereby released from liability to Hampton. Before making the settlement plaintiff demanded of defendant that he make contribution, but he refused. This suit followed.

The jury was instructed that both plaintiff and defendant were negligent and that the negligence of each was a proximate cause of the injury to Hampton. The only question submitted was whether "the settlement * * * was a fair and just and provident settlement." If it was, the charge continued, "then the plaintiff in this case is entitled to recover from the defendant the sum of $3,250, one-half of the $6,500, with interest." On that basis the jury found for plaintiff, although they had been instructed also, if they consid-

ered that plaintiff had paid Hampton more than was "fair, just and provident," that they should allow only one-half of such sum as they found would have been proper.

Both parties moved for directed verdict. These motions were denied but resulted in argument as to the precise question or questions for the jury. Neither then nor at any other time, by pleading or otherwise, was it averred, for defendant, that Hampton had been guilty of contributory negligence. Neither was it suggested that defendant was entitled to have the jury determine whether plaintiff's violation of the ordinance was wilful or its want of care in any other way different in legal quality or results from that of defendant. Defendant moved for directed verdict upon the ground "that there is no case proven in law to justify a verdict," the court, being asked in explanation, "to have in mind that the settlement * * * was voluntarily made. That is all." The intention plainly was to present, as an obstacle to plaintiff's recovery, only the proposition, hereinafter considered, that, plaintiff having voluntarily settled with Hampton, without the issues as between the joint tortfeasors and Hampton being first determined by verdict and judgment, it has no standing to claim contribution.

■ Again we must caution about the necessity for confining the issues on appeal to the field fairly covered by the theory upon which the case was tried and decided below. Our practice offers repeated opportunity for making the record reflect any issue of sufficient importance to be worthy subject matter for an assignment of error on appeal. These opportunities are presented first by the pleadings, then by the trial, and finally the motion for new trial. Ordinarily implication alone will not serve to bring within the field of review anything which does not appear expressly to have been presented below. With so much opportunity for express record, there should be no occasion for resort to mere implication. Our practice (G. S. 1923 [2 Mason, 1927] § 9327) relieves counsel from the necessity of taking exceptions. But if they take advantage of that privilege, they must make the specifications of error which are a part of their motion for a new trial pointed and specific indicia of the propositions upon which they depend to establish error.

Where, as here, issues attempted to be raised on appeal do not appear from the pleadings, evidence, rulings on evidence, requests for instructions, or other proceedings at the trial or by the motion for new trial to have been presented to the lower court, it is too late to attempt for the first time to bring them into the case here on appeal. Schlecht v. Schlecht, 168 Minn. 168, 209 N. W. 883; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 384. So we decline consideration of the argument for defendant on the supposed contributory negligence of Hampton, or that the negligence of plaintiff was wilful, intentionally in violation of law, or otherwise anything different in legal quality or results from that of defendant. The case must rest here on the questions litigated below.

Long ago this state adopted (Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320) and more recently has confirmed (Underwriters at Lloyds v. Smith, 166 Minn. 388, 208 N. W. 13; Fidelity & Casualty Co. v. Christenson, 183 Minn. 182, 236 N. W. 618, the rule that there may be contribution between joint tortfeasors where the ground of their original common liability was simple negligence in a lawful undertaking and the one seeking contribution was not guilty, intentionally, either of wrong or illegal act. Under that rule there can be no question that this case, as it comes to us, is in the category of those where contribution is demandable. For reasons above indicated, it is too late now to make any distinction, if there ever was any, on the ground of quality or legal consequence, between the faults of plaintiff and of defendant contributing to the injury of Hampton. It appears from Michel v. McKenna, 199 Wis. 608, 614, 227 N. W. 396, that our sister state has adopted what is called the "modern practice" of permitting a joint tortfeasor to raise the issue of contribution against his codefendant in the original action. If that rule of adjective law is the result of statute, as counsel say, it is immaterial to the rule of substantive law, decisive of the present case, to which it is but an aid.

The principal contention for defendant is "that payment not made in discharge of a judgment is purely voluntary, for which no contribution can be had." We cannot agree that there is any such

rule. Cases are common where two or more parties were subject originally to the same liability, and one who by payment has taken the whole money burden is awarded indemnity rather than contribution. He gets back his entire outlay rather than a mere fraction of it. That results from the fact that as between the wrongdoers one is liable to the other for the whole instead of only a part of the loss. In such cases it is not considered that establishment and liquidation of the original liability by judgment are conditions precedent to recovery. Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698; City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818. The two classes of cases differ not at all in respect to origin, nature, or quality of the liability, but only as to the measure of it. That difference is referable solely to the relation of the parties to each other and the original wrong. In a case for indemnity that relation is such that the defendant is liable for the whole outlay. In one for contribution it is such that the defendant is chargeable with only a ratable proportion. The one difference being in the measure of recovery, there is, surely, no sound basis for requiring a liquidation of the original liability by judgment in a case of contribution, and not requiring it—and it is not required —in a case for indemnity.

The thing that gives rise to the liability in either case is that both parties were subject originally to a common liability, and one has taken more than his just share of the burden. "The questions whether the payment was voluntary and whether the amount paid was a reasonable compensation, are issues of fact to be raised by the pleadings and determined upon a trial of the action." Aberdeen Const. Co. v. City of Aberdeen, 84 Wash. 429, 433, 147 P. 2, 3; Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698; City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818.

For defendant it is argued that he was entitled to his day in court. So he was, but he had one, and no law gives him two. It was open to him in this action to litigate the existence of the original liability and its amount. The existence of the liability was determined against him as matter of law, and properly so. The amount was left to the jury. He has thus had his opportunity to

litigate the whole issue, and one such opportunity is enough. The payment which is condition precedent to contribution must be compulsory but only "in the sense that the party was under legal obligations to pay the debt." Ankeny v. Moffett, 37 Minn. 109, 112, 33 N. W. 320, 322; 13 C. J. 823. The obligation can be established and measured as well in the action for contribution between the wrongdoers as in that of the injured person against them. In fact the whole job can be done better there, for all the issues can be settled; whereas often the original suit must leave open as between the wrongdoers the issues of negligence and proximate causation. Merrill v. St. Paul City Ry. Co. 170 Minn. 322, 212 N. W. 533.

Judgment affirmed.

