See also 98 F.Supp. 746.

**LAWRENCE v. GREAT NORTHERN RY. CO. (WALTER D. GIERTSEN CO. et al., third party defendants).**

**Civ. 3608.**

United States District Court
D. Minnesota, Fourth Division.
March 24, 1952.

Davis, Yeager, McGinley & Lush and Eugene Rerat, Minneapolis, Minn., for the plaintiff.

Edwin C. Matthias, Anthony Kane, J. H. Mulally and W. P. Westphal, St. Paul, Minn., for the Great Northern Ry. Co.

Faegre & Benson, Paul McGough and Wright W. Brooks, Minneapolis, Minn., for third party defendant Waylander-Peterson Co.

Snyder, Gale, Hoke, Richards & Janes, Minneapolis, Minn., for third party defendant Walter D. Giertsen Co.

NORDBYE, Chief Judge.

At the conclusion of all the testimony the court granted the motion of Walter D. Giertsen Company for a directed verdict in its favor.

The court having considered the evidence adduced during the trial, arguments of counsel, the jury's answers to said interrogatories and upon all the files, records and proceedings herein, the court being fully advised in the premises, makes the following

### Findings of Fact.

#### I.

The Great Northern Railway Company is a Minnesota corporation and it operates in conjunction with its business as a common carrier of freight and passengers a so-called Middle Yard located in the City of Minneapolis.

#### II.

That over said Middle Yard there extends the Seventh Street Bridge which carries both vehicular and pedestrian traffic on one of the principal thoroughfares of the City of Minneapolis. On March 1, 1950, and for some time prior thereto, said Seventh Street Bridge was being rebuilt by the State of Minnesota which had employed the third party defendant Walter D. Giertsen Company as contractor to perform the work of rebuilding said bridge. Said Wal-

ter D. Giertsen Company had subcontracted the steel work to the Waylander-Peterson Company and on March 1, 1950, said Waylander-Peterson Company was engaged in the work of erecting steel girders upon the concrete piers of the bridge.

#### III.

On March 1, 1950, and prior thereto one James Lawrence, Sr., the plaintiff in the main action herein, was employed by the Great Northern Railway Company as a switch-foreman and that while he was engaged in said employment he was subject to the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

#### IV.

That on March 1, 1950, between the hours of 7:00 A.M. and 4:30 to 5:00 P.M., the Waylander-Peterson Company, through its agents and servants, was engaged in the act of erecting steel girders on top of concrete pier No. 5 of said bridge and said concrete pier No. 5 was adjacent to track No. 6 of the railway company's Middle Yard.

#### V.

That on March 1, 1950, at approximately 6:50 P.M., said James Lawrence, Sr., while engaged within the scope of his employment as a switch-foreman for said railway company, was walking along said track No. 6 in said Middle Yard near said fifth pier of the Seventh Street Bridge and under said bridge.

#### VI.

The jury duly empaneled in this action was submitted the following interrogatories and answered them as indicated:

1. "Q. Did a piece of timber fall from the Seventh Street Bridge at or near the fifth pier thereof and strike or come in contact with plaintiff causing the injuries from which he is suffering? A. Yes.

2. "Q. Has the defendant Great Northern Railway Company established by the greater weight of the evidence that the timber fell from the bridge and came in contact with the plaintiff as a proximate result of the negligence of Waylander-Peterson Company? A. Yes."

554

## VII.

That in the main action herein between James Lawrence, Sr., plaintiff, and Great Northern Railway Company, defendant, the jury, on October 31, 1951, returned a verdict in favor of said plaintiff and against said defendant in the sum of $27,500, and judgment for said amount was duly entered in the office of the clerk of this court in favor of plaintiff, James Lawrence, Sr., and against defendant Great Northern Railway Company.

## VIII.

That as between the Great Northern Railway Company and the Waylander-Peterson Company, the negligence on the part of said railway company towards James Lawrence, Sr., was merely secondary or passive, and the negligence of Waylander-Peterson Company towards said James Lawrence, Sr., was primary and active.

### Conclusions of Law.

From the foregoing facts, the court concludes:

### I.

That the Great Northern Railway Company, defendant and third party plaintiff, has been subjected to liability towards its said employee and has incurred and suffered a loss thereof in the amount of $27,500, plus plaintiff's costs and disbursements as taxed and allowed. That said liability and loss of the Great Northern Railway Company occurred primarily and actively and as the proximate result of the negligence of the Waylander-Peterson Company.

### II.

That the Great Northern Railway Company is entitled to judgment in its favor against the Waylander-Peterson Company, a partnership, in the amount of $27,500, plus plaintiff's costs and disbursements as taxed and allowed, together with its costs and disbursements herein expended.

Let judgment be entered accordingly. An exception is allowed.

### Memorandum.

■ This cause comes before the court on defendant Great Northern Railway Company's motion for judgment notwithstanding the verdict and also its motion for findings in its favor against the third party defendant, Waylander-Peterson Company. The suit by Lawrence against the Great Northern is based upon its failure to exercise reasonable care in furnishing him a reasonably safe place to work. This duty is a non-delegable one which rests upon the railroad, and in view of the repeated complaints made by Lawrence and others and the knowledge that the railroad company had of the dangerous situation which confronted the employees who were required to work under this bridge, it would seem that there can be no real question as to the sufficiency of the evidence to sustain the jury's verdict. It follows, therefore, that defendant Great Northern Railway Company's motion for judgment notwithstanding the verdict must be, and the same hereby is, denied. An exception is allowed.

■ The court submitted to the jury two interrogatories in connection with the claim of the defendant Great Northern Railway Company against the third party defendant, Waylander-Peterson Company. It is the court's opinion that the evidence was sufficient to justify the submission to the jury of the question of fact as to whether or not (1) the piece of timber which struck Lawrence fell from the fifth pier of the Seventh Street Bridge, and (2) whether the Great Northern had sustained the burden of proof in establishing that the timber fell from the bridge as the proximate result of the negligence of the Waylander-Peterson Company. Several witnesses testified that timbers of the kind which struck Lawrence were used in connection with the work which was being done at or near the top of these piers, and particularly at a location on the bridge above the No. 6 switch which marked the location where Lawrence was when he was injured. Whether the timber fell from the bridge and struck Lawrence on the head or whether it fell from the bridge, caused him to stumble, and then struck him does not seem to be a matter of great importance. In any event, in light of the evidence, the jury must have found that the timber fell from the bridge shortly before or at the time of the accident. Consequently, in view of the fact that there is

sufficient evidence to support the jury's finding that the timber which came into contact with Lawrence causing the injuries proximately resulted from the negligence of the Waylander-Peterson Company, it would seem that there can be no question under the Minnesota decisions that Waylander-Peterson Company is responsible to the Great Northern Railway Company for the entire amount of the damages assessed by the jury.

 Counsel for the third party defendant emphasizes that Minnesota follows the minority rule and permits contribution between joint tort-feasors where the grounds of their original common law liability is simple negligence in a lawful undertaking and the one seeking contribution is not intentionally guilty of either a wrongful or illegal act. Undoubtedly such theory of contribution is based upon an equitable maxim that the one who has paid more than his share is entitled to contribution from the other wrongdoer so as to equalize the burden of their common liability. The third party defendant urges, therefore, that under the Minnesota law the Great Northern Railway Company at most is only entitled to recover one-half of the amount which the jury returned in favor of Lawrence against the railroad company. Apparently it is the third party defendant's position that, in view of the Minnesota rule of contribution, Minnesota does not recognize any recovery as between joint tort-feasors other than contribution except in case of an express contract of indemnity. But the Minnesota rule of contribution as between joint tort-feasors does not negative the principle of indemnity on other grounds. That is, where the parties are not *in pari delicto* and the injury results from the acts of one whose negligence is the primary, dominant cause of the injury, and if such negligence exposes another to liability, the former is liable to the latter in the full amount of the damages incurred by such act. The teachings of Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N.W. 698, and Fidelity & Casualty Co. v. Northwestern Telephone Exchange Co., 140 Minn. 229, 167 N.W. 800, fully sustain this view. Here, these parties were not *in pari delicto*. The railway company had no control over the construction of this bridge or of the workmen who were employed thereon. The railway company was required to operate its trains under the bridge and to direct its trainmen to perform their duties in and about the bridge. The repeated instances of timbers and debris falling from the bridge, which rendered the railway company liable under the Federal Employers' Liability Act, was a condition which the railway company did not create. Its liability arose because of the non-delegable duty which rested upon it to exercise reasonable care to furnish Lawrence a safe place to work. Any negligence attributed to it so as to render it liable to Lawrence arose by the wrongdoing of those in charge of the construction of this bridge. The primary duty rested upon Waylander-Peterson Company to perform its work on the bridge so as not to endanger the workmen who were required to work in proximity thereto. Its neglect was the primary, active cause of Lawrence's injuries. The railroad company's negligence, as between the parties, was secondary and passive.

The third party defendant cites Hardware Mut. Cas. Co. v. Danberry, 1951, 234 Minn. 391, 48 N.W.2d 567; Employers Mut. Cas. Co. v. Chicago, St. P., M. & O. Ry. Co., 1951, 235 Minn. 304, 50 N.W.2d 689; Underwriters at Lloyds v. Smith, 166 Minn. 388, 208 N.W. 13; Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N.W. 766, as illustrative of the Minnesota rule that one tort-feasor in obtaining contribution from another recovers one-half of the whole liability. But these cases do not overrule or modify the principle enunciated in Minneapolis Mill Co. v. Wheeler and Fidelity & Casualty Co. v. Northern Telephone Exchange Co., which is that, as between two tort-feasors jointly liable, the tort-feasor who is guilty of the dominant, primary negligence should respond in full indemnity. In fact, Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 418, 236 N.W. 766, 767, comments on the distinction between contribution and indemnity and the reasons therefor, and recognizes the

adherence of Minnesota to that distinction, stating,

"* * * Cases are common where two or more parties were subject originally to the same liability, and one who by payment has taken the whole money burden is awarded indemnity rather than contribution. He gets back his entire outlay rather than a mere fraction of it. That results from the fact that as between the wrongdoers one is liable to the other for the whole instead of only a part of the loss. In such cases, it is not considered that establishment and liquidation of the original liability by judgment are conditions precedent to recovery. Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N.W. 698; City of Wabasha v. Southworth, 54 Minn. 79, 55 N.W. 818. The two classes of cases differ not at all in respect to origin, nature, or quality of the liability, but only as to the measure of it. That difference is referable solely to the relation of the parties to each other and the original wrong. In a case for indemnity, that relation is such that the defendant is liable for the whole outlay. In one for contribution it is such that the defendant is chargeable with only a ratable proportion."

Here, the relationship between the parties is such that the third party defendant should be liable to the Great Northern Railway Company for the whole rather than a part of the loss to which the latter is subjected.

The attached findings of fact and conclusions of law as proposed by the defendant have been duly executed. On this motion for judgment against the third party defendant, apparently no point is made of the fact that as yet the judgment obtained by Lawrence against the railway company has not been liquidated.

An exception is allowed to the third party defendant.

Let this memorandum be made a part of the foregoing findings of fact, conclusions of law and order for judgment.