Owen A. MURTAGH, Administrator of the Estate of Alma C. Murtagh, Deceased, of Toledo, Ohio, Plaintiff,

v.

PHILLIPS WASTE OIL PICK-UP AND ROAD OILING SERVICE, Inc., a Michigan corporation, Defendant.

No. 12597.

United States District Court
E. D. Michigan, S. D.
June 6, 1955.

John F. Langs, Detroit, Mich., for plaintiff.

Thomas E. Griffin, Monroe, Mich., Lacey, Jones & Doelle, Detroit, Mich., of counsel for defendant.

FREEMAN, District Judge.

In this action, damages are sought for the alleged wrongful death of plaintiff's decedent resulting from an automobile accident. It is presently before the court on defendant's motion pursuant to Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., for leave to implead one Andrew C. Brewer as a third-party defendant. Plaintiff objects to the filing of the proposed third-party complaint on the ground that there is no possible liability over as between the present defendant and the proposed third-party defendant and therefore defendant is seeking to eliminate itself as defendant and substitute therefor the proposed third-party defendant.

In seeking to implead Brewer as third-party defendant, it is apparently defendant's theory that the accident in question was brought about solely and exclusively as a result of the negligence of Brewer and therefore any recovery which plaintiff herein might have from defendant would not be as a result of defendant's negligence, but rather solely by reason of the negligence of Brewer. Hence, the argument goes, because Brewer was solely responsible for the death of plaintiff's decedent, in the event defendant is held liable to plaintiff, it would be able to recover such amount from the proposed third-party defendant Brewer. Pertinent portions of defendant's third-party complaint read:

"5. That Defendant and Third-Party Plaintiff was not negligent in the premises, and that if Defendant and Third-Party Plaintiff is held liable to the Plaintiff, it will be solely because of and by reason of the negligence of said Andrew C. Brewer, Third-Party Defendant, and not because of any negligence on the part of Defendant and Third-Party Plaintiff.

"Wherefore, Defendant and Third-Party Plaintiff, Phillips Waste Oil Pick-Up and Road Oiling Service, Inc., a Michigan Corporation, demands judgment against Third-Party Defendant, Andrew C. Brewer, for all sums that may be ad-

judged against Defendant and Third-Party Plaintiff, Phillips Waste Oil Pick-Up and Road Oiling Service, Inc., in favor of Plaintiff, Owen A. Murtagh, Administrator of the Estate of Alma C. Murtagh, Deceased, of Toledo, Ohio, together with costs."

To obtain leave to file a third-party complaint, defendant must come within the terms of Rule 14(a), Federal Rules of Civil Procedure, which, with the exception of the parenthetical expression which was deleted by amendment in 1948, provides:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable* to him (or to the plaintiff) for all or part of plaintiff's claim against him." [Emphasis supplied.]

It is significant to note that Rule 14 in its original form permitted a defendant to implead, as third-party defendant, either a person who was primarily liable to the plaintiff or one who might be liable over to the defendant for all or any part of plaintiff's recovery from the defendant, whereas under the rule as amended only the latter situation is permissible. Barron & Holtzoff, Federal Practice and Procedure, Sec. 421, page 837; National Mutual Insurance Co. v. Liberty Mutual Ins. Co., 90 W.S. App.D.C. 362, 196 F.2d 597, certiorari denied 344 U.S. 819, 73 S.Ct. 15, 97 L. Ed. 638. See also Moore's Federal Practice, Vol. 3, Sec. 14.11, page 429, wherein the following appears:

"Formerly under Rule 14, defendant could implead the third-party on the theory that he might be solely or jointly liable to the plaintiff * * *. Under amended Rule 14(a) defendant can no longer move to implead a third-party on the ground that he is or may be liable to *plaintiff*. Consequently, unless defendant can work out some theory on which the third-party might be liable over to him other than by way of contribution, he cannot make him a party."

The defendant, in its brief, concedes what appears to be recognized in the above quotation from Moore's, and what appears to be the rule in this jurisdiction, that one joint tortfeasor cannot implead another joint tortfeasor as third-party defendant, for in Michigan there is no right of contribution as between joint tortfeasors until a judgment has been rendered. Buckner v. Foster, D.C., 105 F.Supp. 279; Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied sub nom Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698; Baltimore & Ohio R. Co. v. Saunders, 4 Cir., 159 F.2d 481. Therefore, the question of whether defendant and proposed third-party defendant are joint tortfeasors is not an issue for purposes of the instant motion, and liability over as between defendant and third-party defendant must be grounded on some theory other than contribution. Moore's Federal Practice, supra.

While recognizing the above principle, defendant in its brief goes on to add:

"this principle has not been extended to prevent the impleading of one who is liable over to the defendant by reason of negligent acts on his part which caused plaintiff's injuries, or one who is a *sole or primary tortfeasor*."

This statement which succinctly sets forth defendant's theory also displays a misconception on defendant's part of the true situation. The contention that in the event defendant should be liable to plaintiff a "liability over" situation would follow whereby defendant would be en-

titled to recover such amount from the proposed third-party defendant cannot be sustained. No theory of "liability over" as between defendant and proposed third-party defendant is suggested, nor can the court conceive any other than perhaps contribution which, as stated, is not involved here. Indeed, with the issue of joint liability removed from the case, it would appear that if the court permitted the impleading of the proposed third-party defendant a determination by the jury that the defendant caused the accident would, by necessary implication, also determine that the third-party defendant did not cause the accident and would be res judicata as between the parties. From the foregoing, it seems clear that under defendant's theory this is not a situation whereby the proposed third party is one who is or may be liable to him, but rather is a situation where the third party is one who is or may be liable to the plaintiff.

The suggestion by defendant that reference to its prayer will disclose that it seeks indemnification rather than a tender of a third party to plaintiff as defendant cannot alter the clear import of defendant's purpose. Merely calling this an indemnity situation does not make it one.

Cases cited by defendant in support of the motion are clearly distinguishable, for in those cited some theory or ground of recovery over against the third party was present, e. g., indemnity, either express or by operation of law, subrogation, express or implied warranty, etc. Defendant relies heavily on Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 201 F.2d 408, 37 A.L.R.2d 1399, wherein an employee of the railroad sued the latter under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for injuries sustained as a result of a timber having fallen upon him. The railroad thereupon brought an action against the contractor whose negligence actually caused the employee's in-

juries. But there too the contractor's liability was based on a ground separate and distinct from that of the railroad. Quoting from the lower court opinion, cited by the Court of Appeals:

"The repeated instances of timbers and debris falling from the bridge, which rendered the railway company liable under the Federal Employers' Liability Act, was a condition which the railway company did not create. Its liability arose because of the non-delegable duty which rested upon it to exercise reasonable care to furnish Lawrence a safe place to work. Any negligence attributed to it so as to render it liable to Lawrence arose by the wrongdoing of those in charge of the construction of this bridge. The primary duty rested upon Waylander-Peterson Company to perform its work on the bridge so as not to endanger the workmen who were required to work in proximity thereto. Its neglect was the primary, active cause of Lawrence's injuries. The railroad company's negligence, as between the parties, was secondary and passive." Lawrence v. Great Northern Ry. Co., D. C., 109 F.Supp. 552, 555.

Neither does the fact that defendant itself may have sustained damages as a result of the alleged negligence of the proposed third-party defendant give it a right to implead the third party. Rule 14(a) gives the right to implead third parties only when the latter may be liable to defendant "for all or any part of *plaintiff's* claim against [the defendant]." [Emphasis supplied.]

Inasmuch as no basis or theory of recovery over by the defendant from the proposed third-party defendant is shown in fact to exist, the motion for leave to file the third-party complaint will be denied. An appropriate order may be presented.