# FIDELITY & CASUALTY COMPANY OF NEW YORK v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

### May 24, 1918.

### No. 20,811.

**Master and servant — injury to servant — settlement by insurer of master.**

1. An electric company used the poles of defendant at a fixed charge. Each company strung and maintained its own wires. The wires were customarily so securely attached to the poles as to sustain the weight of a man standing thereon, and men of both companies used the wires as a footing in going up and down the poles. An employee of the electric company, using a wire of defendant for this purpose, fell and was injured because of a defective fastening. The employee sued the electric company. Defendant was tendered the defense but did not defend. The employee had a verdict. Plaintiff, as insurer of the electric company, settled the verdict at a discount. The settlement was a provident one.

**Same — negligence of master and of defendant.**

2. The electric company and defendant were both liable, defendant because of its own neglect in not securely fastening the wire, the electric company for its failure to discover the defect and avoid its consequences.

**Tort — contribution among tort-feasors — exception.**

3. Generally, one of two joint tort-feasors cannot have contribution from the other. An exception arises where the parties are not in pari delicto, as where the injury results from a violation of a duty which one owes to the other, so that, as between themselves, the act or omission of one is the primary cause of the injury.

[1]Reported in 167 N. W. 800.

**Same — counsel fees and costs of action.**

    4. Plaintiff was not entitled to recover attorney fees, costs and disbursements incurred and paid in defending the action brought by the employee.

Action in the district court for Ramsey county to recover $5,287.28, which Minneapolis General Electric Company, holding an indemnity policy of plaintiff company, was compelled to pay for injuries received by Vernon Schweiger while employed as lineman by the electric company. The answer specifically denied the injuries sustained by Schweiger were caused by any act or default of defendant, and alleged that they were due to the sole fault or negligence of plaintiff or of some other person or persons over whose actions defendant had no control. The case was tried before Dickson, J., who at the close of the testimony denied defendant's motion to dismiss the action, made findings and ordered judgment against defendant for $5,000. From the judgment entered pursuant to the order for judgment both parties appealed. Affirmed.

*Briggs, Thygeson & Everall,* for plaintiff.

*E. A. Prendergast,* for defendant.

HALLAM, J.

1. Defendant and the Minneapolis General Electric Company each had its lines of poles in Minneapolis. They had a working agreement by which each used the poles of the other at a fixed charge. Each company strung and maintained its own wires. The wires and cables were customarily so securely attached to the poles as to sustain the weight of a man standing thereon, and it was the custom of men of both companies to use the wires and cables as a footing in going up and down the poles, and such use was reasonably safe if the wires were strung and attached in accordance with the custom.

Vernon Schweiger, an employee of the electric company, in the discharge of his duties, had occasion to climb a pole of the electric company on which defendant had strung one of its cables, and, in descending, stood upon this cable. The attachment of the cable to the pole was defective by reason of improper workmanship, and as a result

Schweiger was thrown to the ground and was injured. He sued the electric company for damages. The electric company tendered the defense to defendant. Defendant refused to defend. Schweiger recovered a verdict. The electric company settled at a large discount before judgment. The settlement was a provident one. Plaintiff was insurer of the electric company and conducted the defense and paid the amount of the settlement and now sues defendant for exoneration. The trial court gave judgment for plaintiff for the amount paid in settlement of the claim but not for the amount paid for attorney fees and costs. Both parties appeal.

2. Plaintiff was entitled to recover the amount paid on the settlement. No claim is made that the electric company was not liable to Schweiger. Neither do we think there can be any question as to the liability of the defendant to Schweiger. In other words, the electric company and defendant were joint tort-feasors. Defendant was liable because of its own neglect in not securely fastening the wire and cable. The electric company was liable only for failure to discover this defect and to avoid its consequence to one of its own employees.

3. Generally, one of two joint tort-feasors cannot have contribution from the other. But there are exceptions to this rule. One exception arises where although both parties are at fault and both liable to the person injured, yet they are not in pari delicto as to each other, as where the injury results from a violation by one of a duty which he owes to the other, so that, as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury. This exception is reasonable and well recognized. 38 Cyc. 493; Geneva v. Brush Electric Co. 50 Hun, 581, 3 N. Y. Supp. 595; Blakeley v. Le Duc, 19 Minn. 152 (187); Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698; City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818; Gray v. Boston Gas Light Co. 114 Mass. 149, 19 Am. Rep. 324; Washington Gas Light Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. ed. 712. This case comes within this principle. The primary duty of securing the wires and cables was upon defendant. Its neglect was the primary cause of the injury. The neglect of the electric company was, as between the parties, secondary. Defendant must respond.

The Minneapolis Mill Company case is hardly distinguishable from this. The plaintiff had been subjected to a liability because of defendant's negligence in failing to repair a bridge upon premises owned by plaintiff and used by both. Plaintiff's liability arose from such unsafe condition of its premises, and it was allowed indemnity from the defendant as the party chargeable with the duty to keep the bridge in repair.

In the Blakeley case, a stage company sued the owners of a ferry to recover damages paid to a passenger for an injury sustained through the negligent performance by the ferry company of its undertaking to transport a coach across a river. It was said the stage company should have indemnity unless by its own contributory negligence or wilful wrong, as between it and the owners of the ferry, it proximately contributed to such injury.

The same principle is stated, with varying language in Tacoma v. Bonnell, 65 Wash. 505, 118 Pac. 642, 36 L.R.A.(N.S.) 582, Ann. Cas. 1913B, 934; Seattle v. Puget Sound Improv. Co. 47 Wash. 22, 91 Pac. 255, 12 L.R.A.(N.S.) 949, 125 Am. St. 884, 14 Ann. Cas. 1045; Washington Gas Light Co. v. District of Columbia, 161 U. S. 316, 327; 16 Sup. Ct. 564, 40 L. ed. 712; Union Stock Yards Co. v. Chicago, B. & Q. R. Co. 196 U. S. 217, 25 Sup. Ct. 226, 49 L. ed. 453, 2 Ann. Cas. 525; Hamden v. New Haven & N. Co. 27 Conn. 158.

4. The court found as a fact that plaintiff incurred and paid $275 attorney fees and $12.28 costs and disbursements in the defense of the Schweiger claim. The court refused judgment for the amount. A majority of the court are of the opinion that this ruling was right for the following reasons:

Plaintiff defended therein because it was under contract with the electric company to so do. It is only for what it paid Schweiger, in behalf of the electric company, that it can step into the shoes of the latter.

The General Electric Company paid or incurred no attorneys' fees or expenses. Had it done so, it would not be entitled to recover them of this defendant. The liability of the electric company to Schweiger was not based exclusively upon this defendant's negligence. The rule as stated in Westfield v. Mayo, 122 Mass. 100, 23 Am. Rep. 292, is:

"If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense." Only in such case is there a right to recover such expenses. This is not such a case. The writer does not concur in these views, but is of the opinion that plaintiff should recover these expenses. See 1 Sutherland, Damages, § 83; 22 Cyc. 97-98; Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461, 31 N. E. 987, 30 Am. St. 685; Waterbury v. Waterbury Traction Co. 74 Conn. 152, 165, 50 Atl. 3; Montgomery D. & S. Co. v. Atlantic Lumber Co. 206 Mass. 144, 157, 92 N. E. 71; Astoria v. Astoria & C. R. R. Co. 67 Ore. 538, 136 Pac. 645, 49 L.R.A.(N.S.) 404.

Judgment affirmed.