SACK, Judge.
This is an appeal from a final judgment consequent upon a jury verdict in favor of the appellee.
Appellant, The Fidelity and Casualty Company of New York, was the liability insurer of S. S. Jacobs Company, which was a prime contractor on the construction of the Jacksonville Downtown Center, a project which was adjacent to the America Fore Building. Appellee, T. P. Herndon and Company, was Jacobs’ subcontractor for the driving of the required sheet piling. In the process of driving the sheet piling the walls and other structural members of the America Fore Building were cracked. Fidelity, as Jacobs’ insurer, paid the claim, and then brought this suit to obtain indemnification from Herndon.
*197 Appellant’s points on appeal question the trial court’s denial of its motion to strike Herndon’s amended answer and the trial court’s denial of Fidelity’s motion for a new trial both of which points we shall treat together.
In essence, the amended answer charged Jacobs with contributory negligence and asserted that since Jacobs and Herndon were joint tort-feasors and in pari delicto insofar as responsibility for damage to the building was concerned, Fidelity, as Jacobs’ subrogee, could not obtain contribution or indemnification from Herndon. Fidelity, on the other hand, contended that Jacobs was only passively negligent, if at all, and was entitled to recover under the principle of Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316, in which the Supreme Court said:
Generally, one of two joint tort-feasors cannot have contribution from the other. But there are exceptions to this rule, one of which is in that class of cases where although both parties are at fault and both liable to the person injured, such as an employee of one of them, yet they are not in pari delicto as to each other, as where the injury has resulted from a violation of the duty which one owes the other, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury. For a clear statement of this rule, which we hold is applicable to the case at bar, see Fidelity & Casualty Company [of New York] v. Northwestern Telephone Exchange Company, 140 Minn. 229, 167 N.W. 800, and cases cited.” (Emphasis supplied.)
The same principle was considered by us in Winn-Dixie Stores, Inc. v. Fellows, Fla.App., 153 So.2d 45, in which we approved the following explanation of the rule as set forth by the Supreme Court of North Carolina, as follows:
“One of these exceptions or limitations rests solely upon a difference between the kinds of negligence of two tort-feasors, and comes into play when the active negligence of one tort-feasor and the passive negligence of another tort-feasor combine and proximately cause an injury to a third person. * * * In such case, the passively negligent tort-feasor, who is compelled to pay damages to the injured person on account, of the injury, is entitled to indemnity from the actively negligent tort-feasor. * * * ”
Fidelity relied, to a considerable degree, upon the provision in Herndon’s subcontract, requiring Herndon to carry XCU liability insurance, which meant “Excavation, collapse and underground” coverage. The trial court was of the opinion that this requirement was immaterial and we agree. .There was nothing in the subcontract which required Herndon to name Jacobs as a co-insured, nor was Jacobs within the coverage of this insurance. Had the prime contractor desired to be covered the contract very simply could have so provided. In our view, the insurance requirement was intended to make sure that Herndon was covered and would be in a position to respond if a claim was made against it. However, America Fore elected to make its claim against Jacobs.
The court fully and properly instructed the jury on the law of negligence and contributory negligence, as applied to this case. There was sufficient evidence from which the jury could have found that Jacobs’ control or participation in Herndon’s activities made it actively negligent by virtue of the fact that Jacobs (a) required and permitted Herndon to drive large heavy sheet piling with a large pile hammer with much less than 15,000 ft. lb. capacity, (b) doing this only eighteen inches or a little more from the wall of the building, which Jacobs knew was at least sixty years old and had been remodeled and already had exterior cracks in the walls which made it weaker and more susceptible to damage, (c) directed and controlled many of the details at work such as where to *198 start the sheet piling, and (d) excavating and removing earth adjacent to the building which would loosen it and make it more susceptible to crumbling and shifting.
We conclude that the trial court did not err in denying the motion for new trial, and accordingly the judgment below is affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.