213 So.2d 486 (1968)
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellant,
v.
GENERAL SAFETY EQUIPMENT COMPANY, a Foreign Corporation, Pittman Manufacturing Company, a Foreign Corporation, and Robert Nitti, Appellees.
DADE COUNTY, a Political Subdivision, Appellant,
v.
GENERAL SAFETY EQUIPMENT COMPANY, a Foreign Corporation, Pittman Manufacturing Company, a Foreign Corporation, and Robert Nitti, Appellees.
Nos. 67-977, 67-1006.
District Court of Appeal of Florida. Third District.
August 6, 1968.
Rehearing Denied September 11, 1968.
*487 Mershon, Sawyer, Johnston, Dunwody & Cole and George W. Wright, Jr., Miami, for Florida Power & Light Co.
John G. Poole, Jr., Jeanne Heyward, Miami, for Dade County.
Spencer & Taylor, Miami, for General Safety Equipment Company.
Blackwell, Walker & Gray and James E. Tribble, Miami, for Pittman Manufacturing Company.
Green & Hastings, Miami, for Robert Nitti.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
On April 14, 1964, Robert Nitti filed suit against Dade County and Florida Power & Light Company for damages for personal injuries, alleging negligence of the two defendants caused his injuries. The injury was suffered when motorized equipment being operated by the county on a public highway came in contact with high voltage lines of the power company. It was alleged the county was negligent in operation of the equipment, and that the power company was negligent in the operation and maintenance of its said lines in that, having knowledge of danger incident to proximity of its high voltage lines to the county's operating machinery, it failed to de-energize the lines or take other protective action. The complaint charged that the negligence of the two defendants separately caused the injury, and in the alternative that their combined negligence was the proximate cause.
The county answered, denying negligence and pleading contributory negligence and assumption of risk. The power company *488 presented a similar answer, and in addition averred the injury was caused by others than itself. Each of the defendants filed a third party complaint against General Safety Equipment Company, herein referred to as General, and Pittman Manufacturing Company, herein referred to as Pittman. Those third party complaints were subsequently amended. They charged negligence in manufacture and assembly, and failure to inspect and to warn the user of the resultant defects, which they alleged were the cause of the injury, if any occurred. The third party plaintiffs prayed for recovery over against General and Pittman in the event of adverse judgment in the main case. On motions of General and Pittman to dismiss, the amended third party complaints were dismissed, and defendants appealed. We hold that the trial judge ruled correctly in dismissing the amended third party complaints, and affirm.
The determinative factor is that the original complaint, copies of which were appended to the amended third party complaints, did not allege negligence through defective equipment, but charged the defendants with independent torts.
If recovery were had against the defendants upon proof of their negligence as alleged it could not be said that their liability for their negligence in the form of acts or omissions was such as to place them in the position of one who, being without fault, had been subjected to vicarious or technical tort liability for the wrongful conduct of another. Seaboard Air Line R.R. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316; 140 A.L.R. 1306, citing with approval Fidelity & Casualty Co. of New York v. Northwestern Telephone Exchange Co., 140 Minn. 229, 167 N.W. 800, 801-802. A clear statement of the rule also is made in Miller v. De-Witt, 59 Ill. App.2d 38, 208 N.E.2d 249, 297-298.
The power company argues that it is entitled to recover over against General and Pittman whom it charged with negligence in manufacture and assembly, because its (the power company's) negligence, if any, by omissions to act, was "passive". Although in defining negligence, omission to act is frequently referred to as passive negligence, it does not follow that it is entitled to be so classified in contemplation of the rule regarding indemnification. Thus, where one is vicariously or technically liable in tort as a result of the active tort of another, between them the liability of the latter is primary and that of the former is secondary regardless of whether the latter's negligence consisted of his acts or of his failure or omission to act. The difference here is that the liability of the power company, if established on the allegations of negligence in the complaint, would not be a vicarious or technical liability arising from tort of another, but its liability would result from its active negligence through its failure or omission to act as required under certain circumstances.
Affirmed.