272 So.2d 192 (1973)
GENERAL MOTORS CORPORATION, a Foreign Corporation, Appellant,
v.
COUNTY OF DADE, a Political Subdivision of the State of Florida, Appellee.
No. 72-105.
District Court of Appeal of Florida, Third District.
January 8, 1973.
Rehearing Denied February 15, 1973.
*193 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Sam Daniels, Miami, for appellant.
Blackwell, Walker & Gray and James Tribble, Sam Powers, Jr., Miami, and Mark Hicks, Coral Gables, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant, cross-defendant in the trial court, seeks review of an adverse judgment in the amount of $125,000.00 entered by the trial court pursuant to a directed verdict on a cross-claim for indemnification in a negligence action.
This is an off-shoot of the case of Homan v. County of Dade, Fla.App. 1971, 248 So.2d 235, wherein this court reinstated a jury verdict for Homan for injuries received when an unknown person threw a brick through the window of the appellee's bus. When Homan filed that case against the County [as the carrier] and General Motors [as the manufacturer of the vehicle], the County then filed a cross-claim against the appellant seeking indemnification. Prior to that case being submitted to the jury, the trial court directed a verdict in favor of the appellee herein on its cross-claim. The cause went to the jury on the issues of whether the carrier failed to exercise the highest degree of care, whether it breached its contract for safe carriage, and whether the manufacturer was liable for breach of warranty. The jury returned a verdict against the carrier only and, pursuant to that verdict, the trial court ultimately entered a judgment against the appellee in favor of Homan and entered a judgment on the cross-claim, which is the subject matter of this appeal.
The trial court held as a matter of law that the carrier was entitled to indemnity *194 from the manufacturer because it was, at most, guilty of passive rather than active negligence. Florida, like most jurisdictions, holds that a tortfeasor guilty of active negligence cannot obtain indemnity from another. Winn-Dixie Stores, Inc. v. Fellows, Fla.App. 1963, 153 So.2d 45; Florida Power & Light Company v. General Safety Equipment Company, Fla.App. 1968, 213 So.2d 486; Aircraft Taxi Co. v. Perkins, Fla.App. 1969, 227 So.2d 722. The record reveals the following:
On Halloween night, October 31, 1966, an unidentified person threw a brick through the upper right-hand folding door panel of the carrier's bus, which hit and seriously injured Homan. The door panel was made of tempered glass and the carrier had actual knowledge of this fact before the accident bus was even ordered. The carrier had actual knowledge of the breaking characteristics of tempered glass. In addition, the carrier had actual knowledge that from time to time various objects were thrown at its buses in the area in question.
At the trial, conflicting expert opinion evidence was offered as to whether laminated or plexiglass should have been used instead of tempered glass. The jury resolved the conflicts by finding that the carrier failed to exercise the highest degree of care under the circumstances. This finding was held fully warranted by the record by this court on the former appeal.
Thus, in seeking indemnity from the manufacturer, the carrier stands convicted of negligence in knowingly using a bus with tempered glass in an area where it was anticipated that missiles might be thrown at its bus. There is no support in the record for the trial court's ruling, as a matter of law, that such conduct was nothing more than passive negligence. It is clear that as between the manufacturer and the carrier the former was guilty, at best, of passive negligence, and the latter was the active tortfeasor. The carrier should not have been permitted to recover from the manufacturer under the circumstances of this case. See: Winn-Dixie Stores, Inc. v. Fellows, supra; Great Atlantic & Pacific Tea Company v. Federal Detective Agency, Fla.App. 1963, 157 So.2d 148; Fidelity & Casualty Company of New York v. T.P. Herndon & Company, Fla.App. 1967, 196 So.2d 196; Florida Power & Light Company v. General Safety Equipment Company, supra; 28 A.L.R.3d 943, 971-974, 979-981; Cf., Prosser on Torts (4th Ed.), § 51, pp. 310-313.
A vendee-user of a product is not entitled to indemnity from a manufacturer for damages the former is required to pay a third party when, as here, the vendeeuser's fault goes beyond the mere negligent failure to discover a product defect. In the instant case, the carrier knew tempered glass was in the door panel, knew its breaking characteristics, and knowingly used the bus in an area where rock-throwing could be anticipated. Therefore, the carrier should not escape liability with the manufacturer bearing the ultimate responsibility for plaintiff's entire loss.
The jury having absolved the appellant of any liability for breach of warranty and it appearing that the only active tortfeasor in this case was the County, the trial court erred in rendering a judgment over against the manufacturer on the counterclaim. We hereby reverse the judgment and return it to the trial court, with directions to enter a judgment on the counterclaim in favor of General Motors Corporation.
Reversed and remanded, with directions.