308 So.2d 615 (1975)
The IMPROVED BENEVOLENT & PROTECTED ORDER OF ELKS OF the WORLD, INC., et al., Appellants,
v.
Margaret DELANO, Appellee.
Nos. 74-17, 74-18.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Rehearing Denied March 12, 1975.
*616 Adams, George, Wood, Lee, Schulte & Thompson, Jeanne Heyward, Miami, for appellants.
Sherouse, Virgin, Whittle & Slatko and Gary E. Garbis, Nachwalter & Falk, Miami, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant-appellant, the Elks, appeals an adverse final judgment in the total sum of $9,000 entered in favor of the plaintiff-appellee and a final judgment entered in favor of cross-defendants on defendant-appellant's crossclaim.
On June 13, 1970, the Central Bank sponsored a picnic which was held on the premises of defendant-appellant, The Improved Benevolent & Protected Order of Elks of the World, Inc. (hereinafter referred to as the Elks). The picnic was catered by Kay Smith Catering which, pursuant to a concession agreement with the Elks, paid a $25.00 fee and was granted permission to hold such an event on the Elks' premises. Under the terms of the concession agreement, Kay Smith Catering was charged with the duty of supervising the cleaning of the building area occupied and used by the guests. However, the Elks was responsible for the maintenance of the outside picnic grounds used by the caterers and picnic guests. On the day of the picnic, plaintiff-appellee, Margaret Delano, an employee of the Central Bank arrived at the Elks' lodge with her escort. While walking across the lawn, plaintiff's foot slipped into a hole and she sustained serious injury as a result thereof.
Thereafter, plaintiff sued the Elks and its liability insurer, Travelers Insurance Company and Kay Smith Catering and its liability insurer, National Indemnity Company for damages for personal injuries received by her. The Elks and its insurer *617 answered, denying all allegations of liability and filed a crossclaim against Kay Smith Catering and National Indemnity based upon a provision of the concession agreement providing that Kay Smith agreed to hold the Elks harmless from any claims made by customers, employees or others and to obtain liability insurance therefor. Kay Smith and its insurer admitted the execution of the concession agreement, but denied the allegations of the crossclaim. Kay Smith also filed a crossclaim against the Elks for indemnity,[1] should Kay Smith be found liable on plaintiff's complaint. The cause proceeded to trial by jury, at the conclusion of which, the trial judge granted plaintiff's motion for directed verdict against the defendant-appellant, the Elks and its insurer, Travelers Insurance Company and further, granted a motion for directed verdict in favor of appellee, Kay Smith Catering and National Indemnity. The issue of damages was submitted to the jury which returned a verdict of $9,000 which was reduced to final judgment. Thereafter, the trial judge then considered the crossclaim of the Elks and found as a matter of law thereon against the Elks and its insurer and in favor of Kay Smith Catering and its insurer. The court then entered final judgment denying the motion of the Elks for summary judgment on its crossclaim and granting the motion of Kay Smith for summary judgment thereon. This appeal followed.
Defendant-appellant, the Elks, first urges as error the granting of a directed verdict in favor of the plaintiff (and against the Elks). We cannot agree.
The Florida Supreme Court in Wood v. Camp, Fla. 1973, 284 So.2d 691 has held that the class of invitees to whom a landowner owes a duty of reasonable care includes those who are licensed by invitation of the property owner, either by express or reasonably implied invitation, and there is no distinction between commercial visitors and social guests. Plaintiff in the case sub judice is at the very least a licensee by a reasonably implied invitation and therefore the Elks, as owner of the premises, owed to plaintiff a duty of reasonable care and to warn her of any dangers of which it knew or should have known. Defendant Elks, having admitted that it was responsible for maintaining the grounds and further, having been informed by Kay Smith Catering that the picnic area was unsuitable for guests, we find that defendant breached its duty of reasonable care to the plaintiff. Thus, we hold that the trial judge was correct in granting plaintiff's motion for directed verdict against the Elks.
Appellant Elks secondly argues that the trial court erred in granting the motion of Kay Smith Catering for summary judgment on appellant's crossclaim for indemnity.
The question of the construction of a contract of indemnity usually is one of law for the court applying recognized rules of construction; the contract must be construed according to the intention of the parties as gathered from the writing and the circumstances under which the writing was made in a particular case. See 17 Fla. Jur. Indemnity § 5 (1958). Further, agreements of indemnification which attempt to relieve a party of his own negligence are not looked upon with favor and in order for a contract to be construed as such, it must be clear and unequivocal. Nat Harrison Associates, Inc. v. Florida Power & Light Company, Fla.App. 1964, 162 So.2d 298.
After a careful examination of the subject concession agreement in light of the above principles of law, we conclude that Smith Catering accepted responsibility only for those activities and operations over which it personally exercised control. With regard to the use of the grounds *618 around the property, Smith Catering's responsibility, according to the express terms of the agreement was to clean up the area after each affair held thereon. Furthermore, the agreement clearly provides in paragraph 3 thereof that the premises covered thereby includes the entire ground floor, exclusive of the recreation room, and the Elkette Room. Thus, we find that the indemnity clause agreeing to hold the Elks harmless from any and all obligations from the operation of the concession would not be applicable to the outside grounds, the use of which being permitted only after first obtaining the approval of the Elks' house committee. Cf. Fidelity & Casualty Company of New York v. T.P. Herndon and Company, Fla.App. 1966, 196 So.2d 196. Therefore, this point of appellant Elks' must fail.
Plaintiff-appellee, Margaret Delano, on cross-appeal alleges as error the directing of a verdict in favor of defendant-appellee, Kay Smith Catering. We find this cross-appeal has merit.
A landowner and an independent contractor like appellee Kay Smith Catering, who is in charge of property jointly are liable for any injuries to third parties due to defects in the property of which they both are aware. Cf. Slavin v. Kay, Fla. 1958, 108 So.2d 462. It is undisputed that Kay Smith Catering knew that the grounds upon which the picnic was scheduled to be held were not in a suitable condition therefor and, in fact, informed the manager of the Elks thereof. Nevertheless, both the Elks and Kay Smith Catering failed to remedy the defective condition of the grounds and thus we find that they jointly are liable for plaintiff's injuries.
Accordingly, the summary judgment on the crossclaim of the Elks entered in favor of defendant-appellee, Kay Smith Catering, is affirmed. The directed verdict entered in favor of appellee Kay Smith Catering on plaintiff's complaint hereby is reversed and the cause remanded to the trial court to amend the final judgment in favor of the plaintiff holding both Smith Catering and the Elks jointly and severally liable thereon.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] Based upon a theory of passive negligence.