341 So.2d 226 (1976)
VTN CONSOLIDATED, INC. and Vtn, Inc., Appellants,
v.
COASTAL ENGINEERING ASSOCIATES, INC., Appellee.
No. 76-401.
District Court of Appeal of Florida, Second District.
December 22, 1976.
Rehearing Denied February 3, 1977.
*227 Elmo R. Hoffman, of Hoffman, Hendry, Parker & Smith, Orlando, for appellants.
Adrian S. Bacon, of Bacon & Hanley, St. Petersburg, for appellee.
GOBBIE, EVELYN, Associate Judge.
In the proceeding below, ROYAL PALM BEACH COLONY, INC. filed suit against the Appellant, VTN CONSOLIDATED, INC., and VTN, INC. alleging a breach of contract, breach of express warranty, and negligence in the performance of a contract. Appellant filed a Third Party Complaint against COASTAL ENGINEERING ASSOCIATES, INC., the Appellee. After dismissal of the initial third party complaint, Appellant filed an amended one, which was subsequently dismissed with prejudice, after Appellant declined to further plead. This appeal followed.
For the sake of brevity, Appellant will be referred to as VTN; the Appellee as COASTAL and the original plaintiff as ROYAL PALM.
As alleged in the Amended Complaint, the facts reveal that in 1970, ROYAL PALM entered into a written contract with VTN for the latter to furnish topographic maps required for the location of road networks and drainage systems in the development of an 11,000 acre tract owned by ROYAL PALM. Two years later, ROYAL PALM entered into another contract with COASTAL, an engineering firm, to design a street and drainage system for the subdivision it was developing on the aforesaid tract. VTN's maps were used by COASTAL in its preparation of the systems and when completed, the designs were inaccurate. ROYAL PALM sued VTN for failing to render proper maps and VTN moved to bring in COASTAL as a Third Party Defendant, claiming it negligently misused its topographic maps. VTN further claimed, in an unspecified manner, that there was a qualification placed on the maps, to the effect that they were accurate with the exception of areas where the ground was obscured by vegetation and that COASTAL *228 should have noted this exception and checked with VTN. It also claimed that COASTAL should have taken a soil analysis.
The only question on appeal is whether or not VTN can bring in COASTAL as a Third Party Defendant under Rule 1.180. This court answers in the negative since VTN does not come within the confines of the Rule.
Rule 1.180 of the Florida Rules of Civil Procedure provides:
"(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him...."
The only instance which comes to our minds providing a predicate under this rule is where a third party plaintiff has a claim for one or more of the following:
1. Indemnification
2. Contribution
3. Subrogation
Subrogation is not germane so we will turn to Indemnification and Contribution.
Indemnification seeks to shift the loss from one tortfeasor, who has been compelled to pay, onto the shoulders of another tortfeasor, who should bear the loss instead.
This court stated in Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969) on page 839:
"... a right of indemnity has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. The rule proposed in the Restatement of Restitution makes no specific reference to contract and appears to be based on principles of equity; ..."
A common example of indemnification is where a passive tortfeasor is held vicariously liable due to the negligence of an active tortfeasor. See Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974), and Florida Power & Light Company v. General Safety Equipment Company, 213 So.2d 486 (Fla. 3d DCA 1968); Crawford Door Sales Company v. Donahue, 321 So.2d 624 (Fla. 2d DCA 1975). This theory has no application to the instant case.
Another basis for indemnification is where there is a duty flowing between two tortfeasors. See Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932).
Such a duty is lacking here. VTN claims a duty on COASTAL's part through the realm of negligence ... that COASTAL could have foreseen VTN's damages by its misuse of the maps. Yet, if COASTAL failed to exercise reasonable care under its contract with ROYAL PALM, how could this give rise to a cause of action on behalf of VTN? COASTAL's duty ran to ROYAL PALM, not VTN.
VTN relies heavily upon the Supreme Court's opinion in A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973), but such reliance is to no avail. In Moyer, supra, it was held that a third party contractor may foreseeably sustain economic loss proximately caused by the negligent performance of an architect on a contract with another party, even in the absence of privity. This should give VTN very little solace since in Moyer, the architect and the general contractor were on the same job site. Moreover, the architect had direct supervision and was in control of the whole project. Because of this, his participation went far beyond mere draftsmanship and bestowed foreseeability upon him. The Moyer case might be good authority if the parties were in reverse and COASTAL was suing VTN for faulty plans because VTN would be in the shoes of the architect and COASTAL in the shoes of the contractor. In substance, the present facts do not lend themselves to the doctrine set forth in Moyer.
For COASTAL to have a duty toward VTN, assuming the allegations to be *229 true for purposes of a motion to dismiss, COASTAL would have to foresee that by misusing VTN's maps, ROYAL PALM would sue VTN, not COASTAL, even though COASTAL would be the negligent entity, not VTN. Such foreseeability would be ludicrous. We have two separate contracts with two separate entities on two separate occasions. To extend COASTAL's duty would be a dangerous enlargement of the law. To hold otherwise would be against common law and common sense. Finally, we do not believe that the facts entitle VTN to indemnification by way of an equitable right under Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974).
Let us now turn to contribution. As set forth in the Stuart case, supra, on page 190:
"... Contribution, which is predicated upon equitable principles, involves a distribution of loss among (joint) tortfeasors who stand in pari delicto by requiring each to pay a proportionate share based upon their proportionate degree of responsibility."
The doctrine of contribution is one of equality in bearing a common burden.
In Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), the Supreme Court set forth the rationale behind the majority of states receding from the principle of no contribution when it stated, on page 390:
"The rationale for this change of view is generally explained that principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the others, gives the latter an advantage to which he is not equitably entitled... ."
Further, in order for an additional defendant to be brought in as a party, the claim for contribution must be related to the original cause of action  it must arise out of the same transaction or series of transactions. 18 Am.Jur.2d, Contribution, Sec. 73. It can hardly be said that VTN and COASTAL are liable under the same set of circumstances, let alone a series of circumstances, nor do they share a common burden.
VTN relies upon the fairly new statute, F.S. 768.31, to rescue it from its dilemma but such reliance is unfounded. This statute provides that when two or more persons become jointly or severally liable in tort for the same injury to person or property, there is a right of contribution among them. The present facts simply do not fit the wording of the statute.
The trial judge was correct in dismissing the amended complaint with prejudice.
AFFIRMED.
HOBSON, Acting C.J., and GRIMES, J., concur.