BERANEK, Judge.
This is an appeal from the dismissal of appellant’s third party complaint with prejudice. We affirm. The developer of a condominium sued the condominium association for failure to pay escalated rent pursuant to a recreation lease. The association filed an answer and counterclaim admitting the escalated rent had not been paid. In the counterclaim, the association asserted secret self-dealing by the developer which allegedly bound the association to pay escalated rent above the fair market value for the leasing of similar recreation facilities. The association alleged that the developer’s secret self-dealing constituted a breach of a fiduciary duty to the association for which the association sought damages. Although the counterclaim is not clear, it appears to seek past damages. The developer answered the counterclaim and also filed a third party action against each of the individual unit owners in the condominium. The third party action, the subject of the instant appeal, sought indemnity from each of the unit owners for the amount of any judgment which might be rendered against the developer and also sought rescission of all sales of the condominium units. The trial court dismissed the third party action with prejudice.
At the time of oral argument, we were advised by counsel for appellee of several major changes in the status of the suit. Apparently, the condominium association has now paid the escalated rent and intends to do so in the future. Further, the association seeks future, rather than past, damages. These changes have occurred without an amendment to the counterclaim, and we do not consider them.
We conclude that the dismissal of the third party action with prejudice was proper for two reasons. First, the third party complaint seeks indemnity based upon a specific provision contained in a warranty deed. We have reviewed the provision and find that it does not support a cause of action for indemnity.[1]
Second, the third party action also seeks rescission of the sales of all condominium units. Third party liability is founded upon a right to contribution, subrogation, or *1316 indemnification. VTN Consolidated, Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla.2d DCA 1976). This is an improper third party complaint; the action for rescission may not be brought as a third party action under our rules of procedure. See Rule of Civil Procedure 1.180. We stress that this is a procedural ruling only. The counterclaim seeks damages on behalf of the Association for an alleged wrongful act by the developer. The third party action is in the nature of a defense to the damage claim and is certainly not a claim within the appropriate theories of third party practice. In affirming the dismissal of the third party action, we take no position as to the legal viability of the counterclaim. This issue is not before us.
AFFIRMED.
DOWNEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. The provision from the warranty deed upon which the claim for indemnity by the developer is based is as follows:
*1316 ACKNOWLEDGEMENT AND ACCEPTANCE BY GRANTEE(S)
Grantee(s) acknowledges that he has read the Declaration of Condominium, Articles of Incorporation, By-Laws and Recreational Area Land Lease described in the foregoing Warranty Deed; understands that each and every provision of the foregoing documents is made for the benefit of all owners of the Condominium and essential to the successful operation and management of said condominium property; covenants for himself, his heirs, successors and assigns forever to abide by each and every provision of said Declaration, Articles of Incorporation, By-Laws and Recreational Area Land Lease; agrees to pay all assessments made by SABAL/PINE CONDOMINIUMS, INC., including assessments to pay rent under the Recreational Area Land Lease; and further agrees to pay the mortgage described in the foregoing deed.