WENTWORTH, Judge.
The State of Florida Department of Transportation (DOT) appeals an order by which its third party action for contribution was dismissed with prejudice. We find that the present case presents no factual predicate which would support a right of contribution, and we therefore affirm the order appealed.
Myrl Hanes brought an action against Silgain Motel Corp., Gulf Oil Corp., and Alachua County, asserting that these defendants have caused him to be deprived of the full use and enjoyment of his land.[1] Hanes alleged that Silgain and Gulf have developed their properties in a manner which unreasonably diverts the natural flow of surface water to the detriment of Hanes’ property. Hanes further alleged that Silgain was negligent in designing and constructing an inadequate retention basin. Hanes also alleged that Alachua County negligently approved and permitted such construction.
Silgain brought a third party action against DOT, asserting that DOT has negligently maintained a storm drainage system in such a manner as to wrongfully divert and disperse large volumes of surface water onto Silgain’s land in a concentrated stream. Silgain alleged that DOT has permitted persons and firms developing their properties to “tie on” to, and to deposit their storm waters into, DOT’S storm drainage system. Silgain further alleged that in developing its own property it was required to connect to the storm drainage system’s discharge pipes, thereby receiving large quantities of storm water runoff, and to construct a retention basin for the collection of such discharge. Silgain also alleged that a road-widening project undertaken by DOT has further diverted the storm drainage in the area and rendered the existing drainage system inadequate, and that DOT has declined to aid Silgain in its request for assistance and participation in alleviating this problem. Silgain alleges that the increased volume of water expelled onto its land has “overwhelmed and destroyed the detention [sic] structure,” and has caused not only damage to its own land but has also resulted in consequent damage to the land of the original plaintiff.
DOT in turn brought a third party action seeking contribution[2] from various land owners and users, asserting that such defendants have developed their property in a manner so as to divert and cast unreasoan-ble quantities of surface water into DOT’s storm drainage system. DOT alleged that such diversion has over-taxed its drainage *1132 system, thereby rendering these defendants proportionally responsible for such damage as may have resulted to Silgain and Hanes from any excess drainage system discharge. Various defendants moved to dismiss DOT’s third party action, contending that the allegations of the complaint do not establish any liability on their part or entitlement on the part of DOT to contribution; the trial court dismissed DOT’s action with prejudice,[3] reasoning that:
The adjoining property owners have no authority and no duty for design, maintenance or control of the publicly owned storm sewer system. Any legal liability which may exist would rest solely on the public body having the authority and duty to design that system....
As the trial court also noted, DOT is responsible for coordination of the total highway and road system within the state, including the operation and maintenance of roads and culverts, drains, sluices, ditches, etc. See §§ 334.11; 334.03(7); 335.04(4); Florida Statutes. DOT is also charged with a responsibility for anticipating future needs within the total environment of the community. See § 334.211(2)(a) and (f), Florida Statutes. And as the governmental entity with operational and maintenance responsibility DOT is liable for torts related thereto. See § 337.29(3), Florida Statutes.
In the present case there is no indication that any entity other than DOT bears any measure of responsibility for the storm water drainage system involved.[4] Since Silgain’s action against DOT is predicated upon the design, maintenance and operation of the storm water drainage system, and no other entity has been alleged or shown to share DOT’s responsibility in this regard, the allegations as presented establish that DOT bears a singular burden and potential liability under the Silgain complaint. However, DOT’s Fla.R.Civ.P. 1.180 third party action presents a claim for contribution, and is therefore dependent upon a potential common liability arising from a common burden. See VTN Consolidated Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla. 2d DCA 1977), cert. denied 345 So.2d 428 (Fla.1977); also see § 768.31(2)(b), Florida Statutes. But as indicated, the present case involves no entity sharing a common burden with DOT, and DOT’s third party action is therefore not authorized under the provisions of Rule 1.180. The trial court correctly ruled that DOT’s third party action should be dismissed with prejudice.[5]
The order appealed is affirmed.
SMITH, and JOANOS, JJ., concur.

. The complaint identifies Hanes as "Trustee under the provisions of a certain Trust Agreement” and "owner of the ... described land.” The action was also brought against Connecticut General Life Insurance Co., as holder of a mortgage lien on the Silgain property.

. Although DOT'S third party complaint requests both indemnification and injunctive relief as *1132 well as contribution, on appeal DOT has conceded that indemnification is inappropriate, and has argued that Fla.R.Civ.P. 1.180 authorizes only the claim for contribution.

. The dismissal with prejudice was entered as to a second amended complaint, DOT having previously been granted leave to amend.

. Indeed, on appeal DOT asserts that the statutory provisions are: ... a grant of exclusive control of its roadways ... [and] express authority to restrict excess runoff or even prohibit drainage from commercial development where it would cause a damage to the roadway, the motoring public, or adjacent lands: [e.s.]

.The trial court’s ruling in this regard, and our affirmance thereof, does not preclude DOT from asserting the allegations of its third party action as a legal defense in its behalf as a third party defendant in the Silgain action.