Vonice M. LOGEFEIL, Plaintiff,

v.

Robert R. LOGEFEIL, Respondent,

Griffin Companies, Inc., Appellant,

Kendall Properties, Defendant.

No. CX–84–1620.

Court of Appeals of Minnesota.

May 7, 1985.

David G. Moeller, Minneapolis, for Griffin Companies Inc.

Craig A. Beck, Rochester, for respondent.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Plaintiff Vonice M. Logefeil brought this action against her former husband defendant-respondent Robert R. Logefeil and against appellant Griffin Companies, Inc. for 50% of the rent from an apartment building managed for respondent by appellant. Appellant then counterclaimed against plaintiff and cross-claimed against respondent claiming compensation for attorney's fees in defending plaintiff's action. The parties settled all claims against each other except for appellant's cross-claim. Upon stipulated facts the trial court found for respondent. We affirm.

## FACTS

Plaintiff Vonice M. Logefeil and defendant-respondent Robert R. Logefeil (hereinafter respondent) were divorced in 1970 and their marital property was divided. In June 1982 plaintiff sued respondent claiming a right under the divorce decree to income from an apartment building controlled by respondent. Plaintiff also served a complaint upon appellant, a real estate management company which had managed the apartment building for twelve months in 1980 and 1981. Plaintiff claimed entitlement to 50% of the net rental income for that period.

Following service of plaintiff's complaints, neither appellant nor respondent contacted the other until July 1982 when appellant answered and counterclaimed against plaintiff for abuse of process, and served a cross-claim on respondent for indemnity. Apparently the next contact between respondent and appellant was on October 5, 1982 when appellant moved for summary judgment against both plaintiff and respondent.

The trial court's findings indicate that respondent's and appellant's attorneys communicated directly for the first time on October 7, 1982. Respondent's attorney informed appellant's attorney that plaintiff and respondent were in the process of negotiating a settlement of their dispute and requested postponement of the hearing on appellant's motion for summary judgment. Appellant's attorney agreed to postpone the matter until mid November, and wrote a letter to respondent on October 11, 1982 stating that "any issue of settlement should include a discussion regarding payment of [appellant's attorney's] fees."

Shortly afterwards respondent's attorney requested appellant to total its attorney's fees incurred. Appellant's attorney responded that as of November 12, 1982 appellant had incurred $1,944.00 in fees. When a settlement had not been reached, a hearing on appellant's motion for summary judgment was held. On December 6, 1982 the district court denied the motion.

By January 7, 1983 plaintiff and respondent apparently had resolved their dispute, and plaintiff indicated she would dismiss her claim against appellant with prejudice. Appellant, however, wished to pursue its counterclaim and cross-claim and demanded that respondent answer interrogatories it had served upon respondent.

Although several settlement offers were exchanged, the controversy continued without resolution until March 1984 when appellant and plaintiff settled their claims. Appellant and respondent submitted their

case on appellant's cross-claim to the court on a stipulation of facts.

## ISSUE

Did the trial court err by concluding that appellant was not entitled to compensation from respondent for attorney's fees expended in defending an action by a third party?

## ANALYSIS

The management agreement between appellant and respondent contained three paragraphs concerning respondent's obligation to indemnify appellant. Appellant argues that each of those paragraphs obligate respondent to pay the attorney's fees appellant incurred from the time plaintiff served her complaint through preparation of this appeal.

In two of the paragraphs respondent agrees to pay appellant's attorney's fees for specific types of actions. One paragraph explicitly addresses state or federal labor law violations. The other paragraph lists numerous causes of action, including various classes of fair housing claims. That paragraph also provides that respondent will pay for legal advice on compliance with laws "affecting the premises or activities related thereto." Neither paragraph describes a cause of action for rent based upon an alleged ownership interest in the premises. Although appellant advances interpretations of those paragraphs which enlarge respondent's liability for attorney's fees, those interpretations are too strained to be tenable.

Respondent's liability for attorney's fees, if any, must rest in the third paragraph where he agrees:

[t]o indemnify, defend, and save [appellant] harmless from all suits in connection with the premises * * *

The parties agree this standard indemnification language encompasses plaintiff's cause of action, but disagree on appellant's right to attorney's fees under it.

In general, "indemnification agreements contemplate payment for attorney fees incurred in litigation with third parties concerning the matter indemnified against, regardless of whether they say so; inclusion of attorney fees is presumed to have been the intent of the drafter unless the agreement explicitly says otherwise." *E.C. Ernst, Inc. v. Manhattan Construction Co.,* 551 F.2d 1026 (5th Cir.1977), *rehearing denied in part, granted in part,* 559 F.2d 268, *cert. denied, Providence Hospital v. Manhattan Construction Co.,* 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). Minnesota has adopted the following rule:

If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense.

*Fidelity and Casualty Co. v. Northwestern Telephone Exchange Co.,* 140 Minn. 229, 167 N.W. 800 (1918); *quoting from Westfield v. Mayo,* 122 Mass. 100, 23 Am. Rep. 292 (1877). This rule has been consistently followed. *See Sorenson v. Safety Flate, Inc.,* 306 Minn. 300, 305, 235 N.W.2d 848, 851 (1975).

The trial court concluded that, although appellant never tendered its defense,[1] respondent offered to defend and waived that

---

1. The record shows that appellant's initial contact with respondent was service of a cross-claim demanding indemnification, including attorney's fees. In *Jack Frost, Inc. v. Engineered Building Components Co., Inc.,* 304 N.W.2d 346 (Minn.1981) a defendant filed a cross-claim against a codefendant for indemnity. The supreme court held that the defendant failed to

tender the defense and thus was not entitled to recover attorney's fees for the defense. Similarly, in *Hill v. Okay Construction Co., Inc.,* 312 Minn. 324, 346, 252 N.W.2d 107, 121 (1977) the court implicitly held that service of a cross-claim for indemnification does not constitute tender of the defense, a condition precedent for recovering attorney's fees from an indemnitor.

requirement when his attorney requested appellant to postpone its motion for summary judgment. The court went on to conclude that appellant declined the offer to defend when it proceeded with its motion for summary judgment.

It is difficult to glean from the stipulation of facts and the documents incorporated in it whether the trial court correctly characterized the parties' actions. The limited record fails to show any action approaching a request that respondent defend appellant, or a refusal by respondent to undertake that defense. If anything, the stipulation suggests that appellant independently proceeded with its own defense, and assumed respondent's liability for its attorney's fees. Since both tender and refusal are elements of appellant's cross-claim for attorney's fees, the evidence was inadequate to support a judgment in appellant's favor.

### DECISION

The trial court did not err by finding appellant failed to show respondent's liability for appellant's attorney's fees.

Affirmed.