PER CURIAM.
Allstate Insurance Company appeals an adverse final judgment. David Jacoby appeals the order of the trial court denying him costs. We affirm the former and reverse the latter.
As to Allstate’s appeal, we conclude that there was sufficient evidence for the jury to find that Allstate had joint possession and control of the premises. See Boris v. 7-Eleven, Inc., 505 So.2d 661, 664 (Fla. 5th DCA 1987); Arias v. State Farm Fire & Casualty Co., 426 So.2d 1136, 1138 (Fla. 1st DCA 1983); Improved Benevolent & Protected Order of Elks v. Delano, 308 So.2d 615, 618 (Fla. 3d DCA 1975). The claim of plaintiff was cognizable as a matter of premises liability and therefore did not contravene section 627.7262, Florida Statutes (1989). We affirm the final judgment as to Allstate.
As to Jacoby, the jury returned a verdict of no liability. That being so, the court should have awarded Jacoby his costs as a prevailing party, notwithstanding that the costs were advanced by his insurer. Aspen v. Bayless, 564 So.2d 1081 (Fla.1990). The order under review is reversed as to Jacoby and remanded with directions to award costs.
Affirmed in part, reversed in part, and remanded.